## McCahill, Appellant, *v.* Roberts.

Argued March 15, 1966. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Robert Engel,* with him *Julian Ruslander, Patrick J. Basial,* and *Berkman, Ruslander, Lieber & Engel,* for appellants.

*C. Holmes Wolfe, Jr.,* with him *William J. Mc-Cormick, Robert F. Barnett,* and *Moorhead & Knox,* for appellees.

*Frank R. Sack,* for Scheinman-Neaman Company, for leave to intervene.

OPINION BY MR. JUSTICE EAGEN, April 19, 1966:

The plaintiffs-appellant alleging ownership of a certain building situated on land owned by the defendants,[1] instituted this action in equity seeking: (1) to have their title to the building judicially declared; (2) to enjoin any sale of the real estate in question which could prejudice their rights; and, (3) to obtain other relief deemed to be appropriate. To the complaint were affixed, as exhibits, copies of letters writ-

---

[1] Plaintiffs' claim arises out of a complex factual situation. They claim to be successors to the rights of a former lessee of the land who had title and ownership in the building. Under the lease agreement, the lessee agreed to waive any right to remove the building on the termination of the lease in consideration of the payment by the lessors of the fair market value of the materials in place in the building at that time, less the cost of removal.

ten by the plaintiffs to the defendants. As indicated by this correspondence, plaintiffs at first demanded the value of the building in cash. When this claim was rejected, they declared the lease contract rescinded and asserted full and absolute ownership in the building. To the complaint, the defendants filed preliminary objections which are still pending below.

Subsequently, the defendants filed a petition in the court below asserting that an agreement had been executed to sell the land and the building involved to a third party, and praying that the court enter an order permitting the sale to be consummated free of any lien of plaintiffs' equity action with the proviso that the net proceeds of the sale be held in escrow pending final adjudication of plaintiffs' rights. The court granted a rule to show cause which was served on all parties concerned. Later, after argument, the court entered an order releasing the entire real estate from any asserted claim of the plaintiffs and limiting the plaintiffs' relief in the equity action to the cash value of the building. To protect plaintiffs' claim, it directed that the net proceeds of the sale be held in escrow pending final adjudication of the equity action, and that a surety bond in an additional amount be filed to secure full payment to the plaintiffs of any amount determined to be due. Plaintiffs appealed from this order.[2]

A motion has been filed to quash the appeal on the ground that the order appealed from is interlocutory. We cannot reach this conclusion. The court's order is final in that it effectively puts the plaintiffs "out of court" so far as their present claim is concerned, i.e., full and complete ownership of the building with the right of removal. See, *Posternack v. American Cas. Co.*

---

[2] Scheinman-Neaman Company to which the defendants have agreed to sell the property involved have been allowed to intervene as party-appellee.

*of Reading,* 421 Pa. 21, 218 A. 2d 350 (1966). The motion to quash will, therefore, be overruled.

We now turn to the merits.

Plaintiffs-appellant contend: (1) that absent statutory authority the lower court lacked the power to cancel the operation of lis pendens, which is statutory in nature; and, (2) that their rights cannot be adequately and fairly compensated with a cash award. We do not agree with either contention.

The first point in controversy centers around the effect of the doctrine of Lis pendens on judicial powers. Lis pendens literally means a pending suit: Black's Law Dictionary (4th ed. 1951), and *Rose Valley Borough v. Rose Valley Acres,* 31 Pa. D. & C. 261 (1937). The use of the doctrine was applied in Pennsylvania as early as 1831, when it was held in *Lodge v. Simonton,* 2 P. & W. 439 (Pa. 1831), that the rights of a party in real estate cannot be defeated by a conveyance thereof to a third party pending the adjudication of litigation, which has been properly filed and indexed, involving those rights.

Lis pendens is construed to be ". . . 'the jurisdiction, power or control which courts acquire over property involved in a suit, pending the continuance of the action, and until its final judgment therein' ": *Bungar v. St. Michael's Greek Catholic Ch.,* 272 Pa. 402, 404, 116 A. 389 (1922). The initial basis of the application of the doctrine was one of constructive notice to all the world of the pending litigation: *Diamond v. Lawrence County,* 37 Pa. 353 (1861). In later years, the courts determined that the doctrine was one of policy only, i.e., it would be unfair and an insult to the courts to permit the severance of rights in a property which they were then in the process of deciding: *Dovey's Appeal,* 97 Pa. 153 (1881). Having determined that the doctrine was founded on a policy, rather than conceptual basis, the next logical step was to decree the use of

equitable principles in the application of the rule.[3] This point was reached in *Dice v. Bender,* 383 Pa. 94, 117 A. 2d 725 (1955), wherein we held that the doctrine does not establish an actual lien on the affected property, but rather merely gives notice to third parties that any interest that may be acquired in the property pending the litigation will be subject to the result of the action. Further, in *Dice,* we laid to rest the argument that lis pendens is a statutory right and that the court lacks power to rescind its operation. Therein, we decided that the court may cancel lis pendens if the equities indicate such action.

Do the equities justify the order of cancellation below?

The court below concluded that the ultimate aim of the plaintiffs is to recover the fair market value of the building. This was based upon a statement to this effect by plaintiffs' counsel to the court at oral argument. It is now asserted that the court misunderstood the real significance of this admission, and that in truth this is not so. It is also argued that the payment of cash will not result in fair compensation in view of present new "construction costs, tax difficulties and other factors." [4]

Ordinarily, it would be wise in cases of this type for the lower court to take testimony to ascertain the exact nature and extent of any possible prejudice that could result from the cancellation of lis pendens. In this way, the balancing of the equities can be more accurately resolved. However, we conclude that, under the circumstances, such was not necessary in the pres-

---

[3] While it has not been stated in so many words, it is apparent from a reading of the Pennsylvania cases that the doctrine is strictly construed, and will not be extended without grave necessity.

[4] The record is bare of any proof of facts to sustain these contentions.

ent instance. We also note that in *Dice,* supra, the issue was determined without the taking of testimony.

According to the lower court's opinion, plaintiffs' counsel at oral argument "candidly admitted that what plaintiffs sought was a fair price for the structure." While this position is opposite to the plaintiffs' present position, we must, in the absence of evidence to the contrary, accept the lower court's statement as indicating the theory on which the case was presented below: *Deere Plow Co. v. Hershey,* 287 Pa. 92, 134 A. 490 (1926). See also, *Mitchell v. Randal,* 288 Pa. 518, 137 A. 171 (1927). Further, as noted before, in the lease agreement under which the plaintiffs make their claim, the lessee specifically waived its right to remove the building if paid the cash equivalent of the fair market value. Also, in its original written correspondence, plaintiffs' demand was for the cash value of the structure. Under such circumstances, we cannot say that the lower court erred in concluding that plaintiffs' real aim was to recover the cash value of the structure, and that recovery should be so limited. In view of this, it would be harsh and less than equitable to decree that the land must be removed from the market until the litigation is terminated. This is particularly so where, as far as the record discloses, the plaintiffs can be fairly compensated for any determined rights.

Order affirmed. Costs to be divided by the parties.

Mr. Justice ROBERTS concurs in the result.

Mr. Justice COHEN would vacate the order and remand the case for the purpose of taking testimony.