**P. S. Stauffer & Sons, Inc. v. Kromez, Inc.**

*James A. Cassel,* for plaintiff.

*Irwin S. Lasky,* for defendants.

BECKERT, J., March 15, 1973.—Plaintiff filed its complaint in equity on September 30, 1969. The complaint alleges certain written contracts entered into between plaintiff and Kromez Construction Co., Inc., one of the defendants, and the failure of defendant to make payment for work and materials furnished thereunder. In addition, plaintiff alleged certain financial dealings and actions on the part of the various defendants which, if proven, would result in a benefit to defendant, Kromez, Inc., and to the detriment of plaintiff in that the assets of defendant, Kromez Construction Co., Inc., would be siphoned off, leaving plaintiff, if successful, with an uncollectible judgment.

Plaintiff, accordingly, seeks not only the money due to it but, in addition, that Kromez, Inc., be enjoined from encumbering or transferring its assets, including realty.

Thereafter, on March 27, 1972, plaintiff filed a praecipe with the prothonotary of this county to index this action as lis pendens. Defendant filed preliminary objections in the form of a motion to strike the lis pendens from the record. Plaintiff, in turn, filed preliminary objections to defendant's preliminary objections, contending that this was not the proper procedural method by which to raise this question. We agree with plaintiff.

A motion to strike applies only where some rule of pleading has been violated: National Cash Register Company v. Ansell, 125 Pa. Superior Ct. 309, 313

(1937); Gulian v. Gulian, 7 D. & C. 2d 247 (1954). A praecipe to index an action as lis pendens does not fit within the mold of a pleading. Pennsylvania Rule of Civil Procedure 1017(a) limits pleadings to a complaint, answer, new matter, counterclaim, a counter reply, if the reply to a counterclaim contains new matter, and preliminary objections and an answer thereto.

Normally we would invoke the tenets of Pa. R.C.P. 126, apply the principle that procedural rules should receive liberal construction and, therefore, meet head on the question of whether or not the indexing as lis pendens in an action such as now before us was proper. However, for valid reasons, which are demonstrated by this case, the correct method of contesting the indexing of a lis pendens is by petition and rule to show cause. In McCahill v. Roberts, 421 Pa. 233, 238 (1966), the court suggested that it would have been appropriate for the lower court to have taken testimony to ascertain the exact nature or the extent of any possible prejudice that could result from the cancellation of a lis pendens. The instant case illustrates the wisdom of the Supreme Court's suggestion. As a general proposition, lis pendens is improper except in actions involving title to real property. To extend this rule would open the door to all assumpsit actions being indexed where defendants were also owners of real estate: Slavitz v. Feinberg, 28 D. & C. 2d 427 (1962). The only apparent exception is where the debtor makes a conveyance of his holdings and, by so doing, renders himself insolvent. This is in fraud of creditors: Hambleton & Ezekiel v. Selden, 34 Del. Co. 126, 127 (1946).

In the instant case, there are allegations of this nature. In addition, the action is in equity and there has been no issue framed contending that an adequate remedy at law exists. The filing of a rule to show cause and an answer thereto, followed by the taking of deposi-

tions, as would be permitted, on the question of the transfer of assets in fraud of creditors, can be pursued only under such a procedure, but cannot be followed on preliminary objections.

Therefore, in accordance with the above we enter the following

ORDER

And now, March 15, 1973, plaintiff's preliminary objections to defendants' preliminary objections are sustained.