365 A.2d 861

Ruth L. DORSCH and William C. Dorsch,
her husband, Appellants,

v.

Evelyn G. JENKINS.

Thomas J. KALYVAS and Penny Kalyvas,
his wife, Appellees,

v.

Evelyn G. JENKINS, an Individual, et al.

Appeal of Ruth L. DORSCH and William C. Dorsch,
her husband.

Superior Court of Pennsylvania.

Nov. 22, 1976.

Howard V. Heck, Pittsburgh, for appellants.

Harvey E. Schauffler, Jr., Pittsburgh, for appellee at No. 667.

Harvey E. Schauffler, Jr., Vincent J. Grogan, Grogan, Graffam, McGinley & Solomon, Pittsburgh, for appellee at No. 668.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

PRICE, Judge.

These appeals are from a consolidated trial of two separate actions for specific performance and a single ac-

tion to quiet title brought by different parties concerning a single piece of real estate. We will affirm the decree of the chancellor in part and reverse and remand in part.

The facts as found by the chancellor indicate that Evelyn G. Jenkins (Jenkins) owned a parcel of real estate located on Neuhardt Road, McCandless Township, Allegheny County, Pennsylvania. On January 2, 1970, Jenkins signed a sales agreement in which she contracted to sell the above real estate to Ruth L. Dorsch and William C. Dorsch (appellants in both appeals). Richard M. Kearns, a friend of appellants, prepared this agreement and signed as appellants' agent. Ruth L. Dorsch signed as a witness to Kearns' signature. Appellants gave Jenkins a check for $50.00 as a down payment on a total purchase price of $16,000.00. No definite closing date was agreed upon at this time.

On March 13, 1970, Jenkins returned the check to appellants with a letter attempting to cancel the agreement. Sometime later, in April or May of 1970, appellants heard that the property had been sold to a Mrs. Anthony Lozito. Appellants then secured the services of an attorney to protect their interests in the real estate. On May 22, 1970, this attorney wrote a letter to Jenkins informing her that appellants intended to enforce the contract and that a suit in equity would be filed. On May 25, 1970, appellants instituted an action in equity for specific performance against Jenkins at No. 1825 July Term, 1970, by filing a praecipe for a writ of summons. This writ was never served. The action at No. 1825 was appealed to our court at No. 667 April Term, 1975.

Appellants' attorney and an attorney for Jenkins attempted to reach an amicable settlement, but to no avail. Negotiations ceased early in November, 1970, with appellants' attorney advising them to "sit tight" and take no further action at that time.

On or about January 4, 1973, Jenkins entered into another contract to sell the same real estate for $23,000.00.

The new purchasers, Thomas J. Kalyvas and his wife, Penny Kalyvas (appellees), paid a $500.00 down payment to Hammill-Quinlin Realty Company, Inc., the agent handling the transaction. Appellees applied to the West View Savings & Loan Association for a mortgage, and on March 9, 1973, appellees were informed that a title search had uncovered the equity action for specific performance brought by appellants against Jenkins at No. 1825 as a cloud on Jenkins' title. This was appellees' first notice of the writ of summons filed by appellants.

On March 21, 1973, Jenkins' attorney filed a praecipe for a rule to force appellants to file a complaint in their action for specific performance against Jenkins in No. 1825. On this same date, appellees filed a writ of summons in equity for an action to quiet title and for specific performance at No. 3131 April Term, 1973. The action at No. 3131 was appealed to our court at No. 668 April Term, 1975. On April 12, 1973, appellants filed a complaint in No. 1825, the first action for specific performance, and a praecipe for a rule to force appellees to file a complaint in No. 3131, the second action for specific performance and to quiet title. On April 24, 1973, appellees filed their complaint. The two cases were consolidated for trial by order dated October 5, 1973. On January 21, 1975, the chancellor issued a decree nisi directing Jenkins to convey title to the property to appellees as per the written contract of January 4, 1973, and dismissed appellants' suit against Jenkins for specific performance due to a lack of jurisdiction. This appeal followed.

The appellants mention the doctrine of *lis pendens* both in their exceptions to the chancellor's decree and in their brief. Interestingly enough, in their exceptions they argue that the chancellor erred in *not applying* the doctrine, while in their brief they argue that *lis pendens* has *no application* under the facts of the case. We will,

in any event, address ourselves to the question of whether *lis pendens* is applicable to the instant case.

 *Lis pendens* is construed to be the jurisdiction, power, or control which courts acquire over property involved in a suit, pending the continuance of the action, and until final judgment. *McCahill v. Roberts,* 421 Pa. 233, 219 A.2d 306 (1966). "[T]he doctrine does not establish an actual lien on the affected property, but rather merely gives notice to third parties that any interest that may be acquired in the property pending the litigation will be subject to the result of the action." *McCahill v. Roberts, supra* at 238, 219 A.2d at 309. Finally, *lis pendens* is based in common law and equity jurisprudence, rather than in statute, and is wholly subject to equitable principles. *Dice v. Bender,* 383 Pa. 94, 117 A.2d 725 (1955).

We note that Allegheny County Court Rule 1501(1) provides:

"When an action is commenced by a praecipe for a writ of summons under Pa.R.C.P. No. 1007(1), made applicable in equity by R.C.P. No. 1501, the praecipe shall identify or describe any real estate which may be involved in the action. The praecipe shall not constitute *lis pendens* as to any real estate not identified or described."

In the case at bar, the praecipe directed to the prothonotary states:

"Kindly issue writ of summons in equity in the above captioned matter. This case involves real estate situate in the Township of McCandless, Allegheny County, Pennsylvania, being 161.65 x 338.79 Neuhardt Road."

The chancellor concluded that this was not a sufficient identification of the property to comply with the local rule, and as such, *lis pendens* is not established. We agree.

■ Even if we assume, *arguendo*, that the praecipe filed was sufficient to establish *lis pendens*, equitable considerations demand that the court cancel any *lis pendens* which may exist. *McCahill v. Roberts, supra; Dice v. Bender, supra.* Here, appellants did nothing, for three years, to carry their pending action to fruition. Appellees, meanwhile, attained rights in the property and we cannot ignore these rights in light of appellants' three year delay.

■ Appellants also argue in their brief that the appellees should not prevail in their suit for specific performance because they had actual knowledge, following the title search, of the pending suit by appellants against Jenkins for specific performance. This argument is embodied in their discussion on appeal of *lis pendens*, but was not raised in their exceptions, and we, therefore, find this specific argument to have been waived. *Dilliplaine v. Lehigh Valley Trust Company*, 457 Pa. 255, 322 A.2d 114 (1974).

■ Appellants also contend that the chancellor erred in concluding that their suit against Jenkins for specific performance was barred by reason of the operation of laches. We do not agree. The facts indicate that in March of 1970, appellants knew that Jenkins would not perform her part of the sales agreement. However, appellants took no formal legal action in pursuit of their rights until April 12, 1973, when their complaint was filed. In the interim, on March 21, 1973, appellees filed a writ of summons to institute an action in equity to quiet title on this particular piece of real estate. Our courts have stated the rule for the applicability of laches:

" 'The application of the equitable doctrine of laches does not depend upon the fact that a certain definite time has elapsed since the cause of action accrued, but whether under the circumstances of the particular case, the complaining party is guilty of want of due

diligence in failing to institute his action to another's prejudice. . . . The question of laches is factual and to be determined by an examination of the circumstances.' (citation omitted)." *Holiday Lounge, Inc. v. Shaler Enterprises Corporation,* 441 Pa. 201, 205, 272 A.2d 175, 177 (1971).

When we apply the above rule to the instant case, we must conclude that laches has indeed affected appellants' rights. In the three year interval during which appellants allowed their action to fall dormant, appellees, innocent third parties, acquired rights in the property. We cannot now restore the status quo without causing serious prejudice to appellees and this, in itself, is sufficient to defeat appellants' claim for specific performance. *Wilson v. King of Prussia Enterprises, Inc.,* 422 Pa. 128, 221 A.2d 123 (1966).

█ Although we conclude that the suit for specific performance at No. 1825 is barred by laches, we do not agree that the chancellor's dismissal of the action due to lack of jurisdiction over the person of Jenkins is the proper resolution of the issue. Appellants initiated their action by filing a writ of summons which was never served. Once a suit is commenced by the filing of a writ, the writ must be served to obtain proper jurisdiction. *Yefko v. Ochs,* 437 Pa. 233, 263 A.2d 416 (1970).[1] The filing and service of the complaint on April 12, 1973, had no effect on jurisdiction. In such a situation, " ' . . . the complaint is only the required pleading with none of the characteristics of process; service of the complaint in such a case cannot confer jurisdiction.' (citation omitted)." *Trost v. Clover,* 234 Pa.Super. 255, 259, 338 A.2d 630, 631 (1975).

██ However, our rules of civil procedure provide that jurisdiction over the person is waived unless it is

---

1. This procedure has since been changed by Pa.R.C.P. No. 1010(e), which became effective subsequent to the trial in this case.

raised in preliminary objections. Pa.R.C.P. No. 1017(b)(1); Pa.R.C.P. No. 1032. It is jurisdiction over the subject matter that may be raised at any time during the proceedings. *Harris-Walsh, Inc. v. Dickson City Borough*, 420 Pa. 259, 216 A.2d 329 (1966); Pa.R.C.P. No. 1032. In the instant case, Jenkins came into court and defended the action and cannot now complain of the lack of proper service after she has participated in the trial.

Notwithstanding Jenkins' waiver of her objection to jurisdiction in the first action for specific performance brought by appellants at No. 1825, this waiver cannot affect the rights of innocent parties, the appellees herein. We agree with the chancellor that the first action for specific performance brought by appellants against Jenkins at No. 1825 will not influence the outcome of the second action for specific performance and to quiet title brought by appellees against Jenkins at No. 3131. However, the appellants may still have valid rights against Jenkins for breach of contract. *Wilson v. King of Prussia Enterprises, Inc., supra.*

That part of the decree which dismisses the action at No. 1825 July Term, 1970 is vacated and the record is remanded with directions to enter an order certifying No. 1825 July Term, 1970 to the law side of the court. The remainder of the chancellor's decree is affirmed.

JACOBS and CERCONE, JJ., concur in the result.