## Alperin v. Chesterfield Freyer, Inc.

*Joyce Ullman,* for plaintiff.
*Gary A. Rochestie,* for defendants.

GUARINO, *J.,* November 1, 1977—On May 3, 1977, plaintiff filed a complaint in equity against defendants. Plaintiff alleges an exclusive agency agreement with defendant Lyons, whereby he alleges that Lyons engaged him, in writing, as the sole agent to sell premises 857 N. 23rd Street. Against the other defendant, he has made allegations to the effect that they were interfering with his interest in that agreement. His request is that defendants be preliminarily and permanently enjoined from transferring the premises which are subject to the exclusive agency agreement. On May 9, 1977, Judge Gelfand denied plaintiff's right to preliminary injunction.

At this juncture, we are confronted with defendant's preliminary objection in nature of a motion to strike, a demurrer, and a motion questioning the court's equitable jurisdiction. I do not address the issues presented on the preliminary objections because plaintiff has agreed that the court may sus-

tain the preliminary objections. What plaintiff contends, however, is that he be permitted to continue the lis pendens that was filed with his complaint in equity.

The Act of June 15, 1871, P.L. 387, as amended, 17 P.S. §1908, provides for indexing lis pendens when an action or petition is filed to "declare void any agreement . . . or other paper . . . conveying or vesting title to real estate . . . "17 P.S. §1908; " . . . [or in a suit] in equity affecting real estate . . . " 17 P.S. §1910.

A lis pendens is an adjunct to an action where title to real estate is at issue. "Lis pendens" means pending suit—the jurisdiction, the power, and control which the court acquires over property involved in a suit during the continuance of the action: McCahill v. Roberts, 421 Pa. 233, 219 A. 2d 306 (1966); Dorsch v. Jenkins, 243 Pa. Superior Ct. 300, 365 A. 2d 861 (1976). In the case at bar, there is nothing in the complaint which would remotely suggest that an interest in, or title to real estate is involved. Rather, the allegations suggest only a possible cause of action in assumpsit for breach of an exclusive agency contract to sell real estate against the owner-defendant, and a possible tort action against the other defendants for interfering with this contract. It is settled law that a real estate broker is not entitled to a lis pendens on a claim for commissions: McGill v. Roggio, 32 D. & C. 2d 81 (1963); Hambleton v. Ezekiel & Sons, 34 Del. Co. 126 (1946).

Since we have, with the acquiescence of plaintiff, dismissed the present complaint on a demurrer and jurisdictional question and will require him to plead over on the law side of the court, there is no "suit pending" involving interest in real estate

which would warrant the continuance of lis pendens. See McCahill v. Roberts, supra; Dorsch v. Jenkins, supra.

Accordingly, we sustain the preliminary objections and dismiss the complaint with leave to the plaintiff to file an appropriate pleading at law within 20 days from this date. The lis pendens is dissolved.