437 A.2d 58

**6 & 8 BUILDERS SUPPLY, INC., Appellant,**

**v.**

**Donald A. BUELL and Shirley A. Buell, his wife, and Donald J. King, a/k/a and d/b/a Jeff King, Contractor.**

Superior Court of Pennsylvania.

Argued Nov. 12, 1980.

Filed Nov. 13, 1981.

Stephen H. Hutzelman, Erie, for appellant.

Mark E. Mioduszewski, Erie, for appellees.

Before HESTER, BROSKY and VAN der VOORT, JJ.

BROSKY, Judge:

The appellant, 6 & 8 Builders Supply, Inc., sold building supplies on open account to Donald J. King, a contractor, to be used in part in the construction of a home for appellees, Donald A. Buell and Shirley A. Buell, who are husband and wife. 6 & 8 Builders brought an action against King for breach of contract and a separate action against Donald A. and Shirley A. Buell for $11,923.25 plus interest on the theory of unjust enrichment. A "lis pendens" of action was issued against Donald Buell and Shirley Buell.

The Buells then filed a petition for rule to show cause why the issuance of the "lis pendens" should not be set aside and the indexing of the lis pendens be stricken of record, alleging they were not parties to any contract for and/or sale of the building supplies by and between 6 & 8 Builders and King; that Buells have paid King for that portion of the construction completed by him. Essentially, the Buells contended their property was in no way the subject of the suit and that a verdict in favor of 6 & 8 Builders should not affect their property. 6 & 8 Builders filed an answer and the case was argued. The court entered a memorandum and order, striking the "lis pendens." From that order, 6 & 8 Builders appeals. We find that the appeal is interlocutory and accordingly order it quashed.

6 & 8 Builders poses three questions for our consideration on appeal. They are:

1.  Whether the trial court improperly narrowed and restricted the application of lis pendens.

2.  Whether the Defendants' petition properly brought the challenge to the doctrine of lis pendens before the Court.

3.  Whether the trial Court's order of April 15, 1980, is appealable to this Court at this time.

(Appellant's brief, page 2.) We do not discuss questions one and two, having determined that this appeal is interlocutory.

In *McCahill v. Roberts*, 421 Pa. 233, 219 A.2d 306 (1966), a suit was brought by the plaintiff sought to have title to a building judicially declared, sale of real estate enjoined and other appropriate relief. A "lis pendens" issued. Subsequently, the defendants filed a petition with the court asserting a sale had been consummated with a third party and that the trial court should issue a rule to show cause why the "lis pendens" should not be lifted from the estate. After argument, an order issued "releasing the entire real estate from any asserted claim of the plaintiffs and limiting the plaintiffs relief in the equity action to the cash value of the building." Id., 421 Pa. at 236, 219 A.2d at 308. Our Supreme Court stated further:

> A motion has been filed to quash the appeal on the ground that the order appealed from is interlocutory. We cannot reach this conclusion. The court's order is final in that it effectively puts the plaintiffs "out of court" so far as their present claim is concerned, i. e. full and complete ownership of the building with the right of removal. See *Posternack v. American Cas. Co. of Reading*, 421 Pa. 2, 218 A.2d 350 (1966). The motion to quash will, therefore, be overruled.

Id., 421 Pa. at 236–237, 219 A.2d at 308. In the instant case, the action did not have as its subject matter the title to or sale of real estate. Rather, 6 & 8 Builders sought damages only. The order of the trial court striking the "lis pendens" does not place 6 & 8 Builders "out of court" so far as their claim is concerned. Therefore, having found that the appeal is interlocutory, it is quashed.