450 A.2d 36

Michael F. CHORBA, John Stahl, Kay Cadden and Carmen Stambone, Jr., Administrators of the Estate of Carmen Stambone, Deceased, Appellants,

v.

DAVLISA ENTERPRISES, INC.

Superior Court of Pennsylvania.

Argued March 2, 1982.

Filed Aug. 27, 1982.

John J. Brazil, Scranton, for appellants.

Richard S. Bishop, Scranton, for appellee.

Before WIEAND, BECK and HOFFMAN, JJ.

WIEAND, Judge:

In this equity action the administrators of the Estate of Carmen Stambone, deceased, requested a decree compelling Davlisa Enterprises, Inc. (hereinafter sometimes "Davlisa") to convey lands which were the subject of an alleged agreement of sale between Davlisa's grantor, Pennsylvania Coal Co., and Carmen Stambone. The trial court sustained preliminary objections in the nature of a demurrer and dismissed the complaint. We reverse.

A demurrer admits all relevant facts pleaded in the complaint and all inferences fairly deducible therefrom, but not conclusions of law. *Gekas v. Shapp,* 469 Pa. 1, 5, 364 A.2d 691, 693 (1976); *Buchanan v. Brentwood Federal Savings and Loan Association,* 457 Pa. 135, 139, 320 A.2d 117, 120 (1974); *Borden v. Baldwin,* 444 Pa. 577, 582, 281 A.2d 892, 895 (1971); *Tanenbaum v. Sears, Roebuck and Co.,* 265 Pa.Super. 78, 81, 401 A.2d 809, 810 (1979). A demurrer may not be sustained unless the complaint evidences on its face that the claim cannot be sustained because the law will not permit recovery. *Gekas v. Shapp, supra* 469 Pa. at 5, 364 A.2d at 693; *Allstate Insurance Co. v. Fiorvanti,* 451 Pa. 108, 111, 299 A.2d 585, 587 (1973); *Hoffman v. Misericordia Hospital of Philadelphia,* 439 Pa. 501, 503–504, 267 A.2d 867, 868 (1970); *Schott v. Westinghouse Electric Corp.,* 436 Pa. 279, 291, 259 A.2d 443, 449 (1969); *Pike County Hotels Corp. v. Kiefer,* 262 Pa.Super. 126, 133–134, 396 A.2d 677, 681 (1978). In ruling on a demurrer, a court may not consider factual matters not disclosed in the record. *International Union of Operating Engineers v. Linesville Construction Co.,* 457 Pa. 220, 223, 322 A.2d 353, 356 (1974); *Muia v. Fazzini,* 416 Pa. 377, 205 A.2d 856 (1965). The court, moreover, may not take judicial notice of the record of another case, if not pleaded. See: Goodrich-Amram 2d § 1017(b):11. See also: *Callery v. Blythe Township Municipal Authority,* 432 Pa. 307, 309, 243 A.2d 385, 386 (1968); *Naffah v. City Deposit Bank,* 339 Pa. 157, 160, 13 A.2d 63, 64–65 (1940); *Commonwealth ex rel. Milk Marketing Board v. Sunnybrook Dairies, Inc.,* 32 Pa.Cmwlth. 313, 316 n. 4, 379 A.2d 330, 332 n. 4 (1977). If there is any doubt, the doubt should be resolved in favor of overruling the demurrer; summary judgment should be entered only in cases which are clear and free from doubt. *Gekas v. Shapp, supra* 469 Pa. at 5, 364 A.2d at 693; *Clevenstein v. Rizzuto,* 439 Pa. 397, 401, 266 A.2d 623, 625 (1970); *Adams v. Speckman,* 385 Pa. 308, 309, 122 A.2d 685, 686 (1956); *Todd v. Skelly,* 384 Pa. 423, 428, 120 A.2d 906, 909 (1956). Judgment should not be entered against a plaintiff if the pleadings indicate that he could state a better case by amendment. *Tide Water Associated Oil Co. v. Kay,*

168 Pa.Super. 263, 77 A.2d 754 (1951); Goodrich-Amram 2d § 1017(b):11.

The complaint alleges that on or about October 25, 1974, Carmen Stambone paid $3,500 to Pennsylvania Coal Co. as a deposit toward the purchase of a tract of land containing 67.23 acres in the Borough of Olyphant, Lackawanna County. Pennsylvania Coal Co. acknowledged receipt of the deposit by letter signed by its president on the same day. The letter contained a description of the tract and the following paragraph:

This offer is subject to the approval of the Board of Directors of Pennsylvania Coal Company. If your offer is not approved the deposit will be returned to you. If your offer is approved by the Board of Directors it will be subject to the conditions that you close the transaction within thirty (30) days after you receive notice ... that the deed for the parcels is ready for delivery to you. If you fail to close within said thirty (30) days, the acceptance of your offer will be of no force and effect and your deposit will be forfeited.

NAMES OF THE GRANTEES WILL BE FURNISHED AT A LATER DATE.

The complaint does not disclose that the offer was expressly accepted or approved by the Board of Directors of Pennsylvania Coal Co. On the other hand, the deposit was not returned to the offeror and even now remains in the possession of Pennsylvania Coal Co. Closing, of course, has never been held. Between 1974 and 1977, appellants' engineer did go upon the land on several occasions to make soil and water studies.

On or about December 5, 1977, the vice president of Pennsylvania Coal Co. forwarded to the administrators of the Estate of Carmen Stambone, who was then deceased, a letter requesting that they "make known their intention as to whether or not they wish to proceed with the purchase of this land at the earliest possible time." Almost 5½ months later, on May 26, 1978, an attorney for the administrators advised Pennsylvania Coal Co. by letter that the administra-

tors were "exercising our option to purchase the property owned by the Pennsylvania Coal Company relative to the option of October 25, 1974." The letter concluded, "Please contact me so that we may make arrangements for a closing date." [1]

On December 28, 1978, the tract was conveyed to "Davlisa," the appellee herein. The complaint does not aver that Davlisa then had knowledge, active or constructive, of the agreement, if any, between appellants and Pennsylvania Coal Co. or that appellants were then asserting an interest in the land. Although the complaint is silent with respect to such notice, appellants recite in their brief, and appellee agrees, that an action in equity for specific performance had been commenced by appellants against Pennsylvania Coal Co. on November 3, 1978, prior to the conveyance to Davlisa. The trial court could not take judicial notice of the pleadings in the prior case. Consequently, the record in the instant case is inadequate to support appellants' argument that the action in equity for specific performance constituted constructive notice to appellee of appellants' interest in the tract prior to and at the time when appellee took title thereto on December 28, 1978.

In view of the present state of the record, we are constrained to agree that the complaint failed to state a cause of action. It seems clear, however, that appellants can state a better cause of action if they are permitted to file an amended complaint. Appellants' decedent had made a deposit of 10% of the price referred to and recited in the written offer of October, 1974. A receipt therefor, executed on behalf of Pennsylvania Coal Co., contained the terms of the sale but was subject to approval by the corporation's board of directors. Whether the offer was expressly approved and accepted does not appear. However, it does appear from the complaint that for more than four years Pennsylvania Coal Co. retained and exercised dominion over

1. Appellee's brief would tell us that by letter dated June 5, 1978, Pennsylvania Coal Co. disclaimed knowledge of an option and requested that counsel supply a copy thereof. This fact, however, is not a matter of record and can have no effect on the present decision.

the deposit made by Carmen Stambone without ever rejecting the offer.

■■■ Silence will not constitute acceptance of an offer in the absence of a duty to speak. *Solis-Cohen v. Phoenix Mutual Life Insurance Co.,* 413 Pa. 633, 636, 198 A.2d 554, 555 (1964); *Howell v. McCloskey,* 375 Pa. 100, 104–105, 99 A.2d 610, 612 (1953); *Royal Ins. Co. v. Beatty,* 119 Pa. 6, 12 A. 607 (1888). See also: Restatement (Second) of Contracts, § 69; 8 P.L.E., Contracts § 24. The facts pleaded in the instant case, however, suggest the existence of such a duty. The offeror had paid to the offeree the sum of $3,500 on account of the purchase of land; and the offeree had agreed that if the offer were not approved by its board, the down payment would be returned to the offeror. The offeree could not thereafter retain and exercise dominion over those moneys for four years while remaining silent. Silence under these circumstances was inconsistent with an intent to reject the offer. Retained possession and the exercise of dominion over the down payment, being inconsistent with the offeror's ownership thereof, bound the offeree to the terms of the offer. Restatement (Second) of Contracts, § 69(2) and Comment e.

■■■ A party who purchases real estate with notice that his grantor has a prior obligation to convey to another is subject to an action for specific performance by a prior purchaser. 34 P.L.E., Specific Performance § 5. See also: *Atlas Portland Cement Co. v. American Brick & Clay Mfg. Co.,* 280 Pa. 449, 124 A. 650 (1924); *Dillinger v. Ogden,* 244 Pa. 20, 90 A. 446 (1914); *Henry v. Black,* 210 Pa. 245, 59 A. 1070 (1904); *Maguire v. Heraty,* 163 Pa. 381, 30 A. 151 (1894). However, the complaint in the instant case, as we have observed, failed to allege that appellee had notice of an obligation of Pennsylvania Coal Co. to convey to appellants. The briefs of both parties are agreed, nevertheless, that appellants had filed an action for specific performance against Pennsylvania Coal Co. prior to the deed to appellee. If this is factually correct, the action for specific performance was pending when appellee took title. These facts, if pleaded, would

establish a basis on which appellants can contend that appellee had constructive notice of appellants' interest in and to the land.

Lis pendens literally means a pending suit. *McCahill v. Roberts,* 421 Pa. 233, 237, 219 A.2d 306, 308 (1966). It is construed to be the jurisdiction, power or control which courts acquire over property involved in a suit, pending the continuance of the action and until final judgment. *Dorsch v. Jenkins,* 243 Pa.Super. 300, 305, 365 A.2d 861, 863 (1976). "[T]he doctrine does not establish an actual lien on the effected property, but rather merely gives notice to third parties that any interest that may be acquired in the property pending the litigation will be subject to the result of the action." *McCahill v. Roberts, supra* 421 Pa. at 238, 219 A.2d at 309; *Dorsch v. Jenkins, supra* 243 Pa.Super. at 305, 365 A.2d at 863.

For these reasons, we conclude that although the trial court properly sustained appellee's preliminary objections in the nature of a demurrer, it erred when it dismissed the complaint without leave to amend.

Reversed and remanded for proceedings consistent with the foregoing opinion.

BECK, J., concurs in the result.