## First National Bank of Mercer County v. Allstate Distributors, Inc.

330

*Henry E. Sewinsky*, for plaintiff.
*P. Raymond Bartholomew*, for defendant.

STRANAHAN, *P.J.*, November 17, 1982—On March 14, 1979, petitioner, First National Bank of Mercer County (the bank) loaned $65,805 to Allstate Distributors, Inc. The president of Allstate, Harry Bleier, and his wife, Martha Bleier, signed as sureties on the note. On March 24, 1979 the bank confessed judgment against Allstate and Mr. and Mrs. Bleier. Mr. Bleier approached the bank and asked if the judgment could be marked satisfied as against Mr. and Mrs. Bleier. The bank agreed and the judgment was marked satisfied as to Mr. and Mrs. Bleier only. The bank's attorney advised that it should ask the Bleiers to execute another suretyship agreement to guarantee Allstate's obligation should it default on its payments. Although this was sound advice, the bank failed to get the new suretyship agreement.

On January 29, 1982, Allstate filed a petition in bankruptcy. The trustee in bankruptcy offered to pay the bank $51,175 in satisfaction of the debt to the bank. This action would leave approximately $17,743 still unpaid on the loan. On May 12, 1982, the bank petitioned this court to strike off the satisfaction entered against Mr. and Mrs. Bleier. On

May 20, 1982, the bank requested the prothonotary to index a lis pendens against the Bleiers on real property they owned in Sharon, Pa. This matter comes before this court on the Bleiers' motion to strike the lis pendens.

Lis pendens, or suit pending, is the jurisdiction, power or control a court acquires over property involved in a suit until final judgment is entered: McCahill v. Roberts, 421 Pa. 233, 215 A. 2d 306 (1966); Dorsch v. Jenkins, 243 Pa. Super. 300, 365 A. 2d 861 (1976). A lis pendens "does not establish an actual lien on the affected property, but rather gives notice to third parties that any interest that may be acquired in the property pending the litigation will be subject to the result of the action." McCahill v. Roberts, supra, at 238, 215 A. 2d 309. The doctrine is rooted in the common law and equity jurisprudence and, as a consequence, remains wholly subject to equitable principles: Dice v. Bender, 283 Pa. 94, 117 A. 2d 725 (1955). Nevertheless, several statutes have attempted to codify its effect on the indexing of records. 17 P.S. §1508 provides in relevant part:

When any proceedings in lunacy, habitual drunkenness, . . . or a petition to declare void any agreement, deed or other paper or proceeding conveying or vesting title to real estate in this Commonwealth, or any other proceeding by which purchasers of real estate would be deemed to have had constructive notice, shall have been commenced in any of the courts of this Commonwealth, it shall be the duty of the . . . prothonotaries . . . to enter the same upon either the judgment or ejectment and miscellaneous indexes.

17 P.S. §1910 provides in part:

. . . the court of common pleas . . . is hereby au-

thorized . . . to direct the prothonotary . . . to enter in the separate index docket . . . the names of all parties to suits or bills in partition; and the names of all parties to any ejectment suit or action to recover real estate, or to compel a conveyance thereof, . . . and the names of all parties to suits in equity affecting real estate in any wise; and the names of all parties to proceedings otherwise relating to real estate, which the court shall deem advisable to be entered therein . . .

It has been said that the doctrine has no application unless the action is in equity and affects the title to real estate. An examination of a few of the cases will illustrate this point. In Ricci v. Saia, 13 D. & C 3d 361 (1980), the question arose whether, in a suit by a son, acting as executor of his mother's estate, against his father for improvements the mother made to her house owned as tenants by the entireties, the son could index the action as a lis pendens. The court held that he could not because the suit was not really in equity and was essentially a claim for improvements made and therefore did not involve the title to real estate.

In Archibald v. General Construction Assoc., 7 D. & C. 3d 427 (1978), several purchasers bought partially constructed houses from a land developer. They entered in a contract with the developer whereby he agreed to complete the construction of their houses. When the developer defaulted on the contract, the purchasers brought an action for specific performance to compel construction of their homes. They also had a lis pendens indexed on four lots which the developer still owned in the development. The court granted the developer's motion to strike off the lis pendens because the action to compel construction did not affect the title to real property nor did the four remaining lots have anything

to do with the subject matter of the action. In Slavitz v. Feinberg, 28 D. & C. 2d 427 (1962), plaintiff-seller sued defendant-buyer for breach of a contract to purchase real estate. Defendant counterclaimed against plaintiff alleging several breaches of the contract. Both plaintiff's claim and defendant's counterclaim sought damages. Defendant had the counterclaim indexed as a lis pendens against property owned by the plaintiff. The court granted plaintiff's motion to strike the lis pendens stating:

We have before us an action at law to recover damages arising from an alleged breach of contract and perceive no equitable principles moving us to grant extraordinary protection solely because the subject of the breached agreement involved real property. Neither the title to the property nor the premises itself are in any manner concerned in the litigation at hand. Id. at 431.

In both McGill v. Roggio, 32 D. & C 2d 81 (1963), and Hambleton & Ezekiel v. Jeldin, 34 Delaware 126 (1946), a real estate broker was prevented from indexing his action to recover commissions allegedly earned from the sale of land as a lis pendens. Both courts held that such a suit did not involve real estate or the title thereto.

In all of the cases discussed above one of the parties owned real estate. This fact alone was insufficient to justify indexing as a lis pendens an action brought against that party. It is therefore clear that a lis pendens will not be indexed unless the title to real estate is the subject matter of the action.

Turning to the case at hand, we can see that the defendants, Mr. and Mrs. Bleier, own real estate in Sharon, Pa. We can also see, most clearly, that the bank's petition to strike off the satisfaction of judgment does not, in any way, affect the title to this real property. How can the bank now contend that a

lis pendens is proper under the circumstances of this case?

The bank tries to make a point that if they are successful in striking off the satisfaction, the judgment would create an "equitable lien" which would relate back to 1979, the year when the judgment was confessed against the Bleiers. This argument falls far short of its mark. Assume for the purposes of argument that the note the Bleiers became sureties on did not contain a confession of judgment clause. When Allstate defaulted, the bank could institute an action against the Bleiers to recover the money owing. It is quite clear that a lis pendens would not be proper under these circumstances because the action does not affect the title to real estate. Of course, this result should not change just because the note actually contained a confession of judgment clause. If the bank was not entitled to a lis pendens in 1979, then how can it be entitled to one now? The bank offers no reasoning to support such a result.

The bank also argues that a lis pendens would provide actual notice to prospective purchasers that they would buy subject to the judgment. The bank contends that if a prospective purchaser looked in the judgment index he would see that the judgment against the Bleiers was marked satisfied. He would therefore conclude that there were no outstanding liens on the property. However, in that very docket folder is the bank's petition to strike the satisfaction and the prospective purchaser would be charged with constructive notice of that petition. The bank argues that a lis pendens would provide actual notice of its petition.

The only problem with this argument is that it presumes that the purchaser would buy subject to the bank's judgment. It must be recalled that the

bank has not yet succeeded in striking off the satisfaction. So far as the purchaser is concerned the judgment against the Bleiers is still satisfied and he could purchase the property free and clear. If the bank succeeds in its petition, then a purchaser buying after that date could look in the judgment index and see that there was an unsatisifed judgment still outstanding against the Bleiers. There is therefore no need to index a lis pendens because the judgment index will provide adequate notice of any possible lien against the property.

Because this action does not involve or affect the title to real estate, there is no need to address the Bleiers' argument that a lis pendens should not be indexed because the bank waited three years before petitioning to strike off the satisfaction and therefore, under equitable principles, the bank waited too long. See e.g., McGill v. Roggio, supra.

## ORDER

And now, November 17, 1982, defendants' motion to strike the lis pendens indexed against their property in Sharon, Pa., is granted.