## Bach v. Geisinger Medical Center

*Joyce Ullman,* for plaintiff.

*Melinda DiCarlo,* for defendants Geisinger Medical Center, Holly Harter and Rose Ritter.

*Samuel L. Andes,* for additional defendants James M. Bach and Francis P. Bach.

*Gerald T. Sajer,* for additional defendant Henry F. Coyne.

MYERS, *P.J.*, January 11, 1985 — The present controversy centers around the release by the original defendants, Geisinger Medical Center, Holly Harter and Rose Ritter, of plaintiff's medical records to additional defendant Francis Bach. Said release was pursuant to a subpoena duces tecum issued in the case of James M. Bach V. Cynthia Bach (No. 545 Civil 1979, Cumberland County, Pa.) In that case, Cynthia Bach petitioned the court to terminate the overnight visitation of the parties' minor daughter, Brandi, with her father, James M. Bach.

Obtaining a subpoena duces tecum to produce plaintiff's medical records, Francis P. Bach, brother of James M. Bach, appeared at Geisinger Medical Center's Medical Records Department and served upon Rose Ritter, Geisinger's records custodian, a copy of said subpoena. This occurred on April 16, 1982. The subpoena stated:

"2. And bring with you to court the following: any and all medical records regarding Cynthia L. Bach, formerly known as Cynthia L. Taby including handwritten notes and all correspondence received by you or sent by you to any person whomsoever. Also include all documents and records of Brandi L. Bach, daughter of Cynthia L. Bach, if she is now or ever has been a patient of yours. Certified copies by the Keeper of Records will be accepted in lieu of your personal attendance in court." Pursuant to said subpoena, copies of plaintiff's medical records, excluding all mental health and psychiatric notes and information, were given to Francis P. Bach on the day he served said subpoena."

Consequently, plaintiff instituted the present proceeding. The crux of the action is plaintiff's claim that the release of her records by Geisinger Medical Center violated the confidentiality of her records and constituted an invasion of her right of privacy.

On January 11, 1984, Geisinger Medical Center filed a complaint against additional defendants, Francis P. Bach, James M. Bach and Henry F. Coyne, all of whom are attorneys. Said complaint was amended February 14, 1984. In its amended complaint, Geisinger Medical Center claims that the service of the subpoena, without prior notice to plaintiff's counsel in the Cumberland County custody proceeding, constituted an actionable abuse of process. In addition, Geisinger claims that inclusion in the subpoena of the words "certified copies by the keeper of records will be accepted in lieu of your personal attendance in court" constituted a misuse of the process of the court and an abuse of the power of the court. . ."

On February 22, 1984, additional defendant, James P. Bach, filed preliminary objections to defendants' amended complaint. Henry Coyne filed preliminary objections to the amended complaint on March 1, 1984. Said preliminary objections are now before this court for resolution.

In their preliminary objections, the additional defendants demurr to the original defendants' third-party complaint. Specifically, they argue that the abuse of process claim against them cannot be sustained because they did not seize plaintiff's medical records. We agree.

The standards for sustaining preliminary objections in the nature of a demurrer are quite strict. A demurrer admits every well-pleaded material fact set forth in the pleadings to which it is addressed, as well as all inferences reasonably deducible therefrom, but not conclusions of law. Chorba v. Davlisa Enterprises Inc., 303 Pa. Super. 497, 450 A.2d 36 (1982) Buchanan v. Brentwood Federal Savings and Loan Assoc., 457 Pa. 135, 320 A.2d 117 (1974).

In order to sustain a demurrer it is essential that plaintiff's complaint indicate on its face that the claim cannot be sustained and the law will not permit recovery. Hoffman v. Misericordia Hospital of Philadelphia, 439 Pa. 501, 267 A.2d 867 (1970). If there is any doubt, this should be resolved in favor of overruling the demurrer. Dekas v. Shapp, 469 Pa. 1, 364 A.2d 691 (1976).

An abuse of process arises when a party employs legal process for some unlawful purpose, i.e. not the purpose for which it was intended. The gist of the action is the proper issuance of the original process and an abuse of that process after it has been issued, to the end that there is a perversion of the process. Triester v. 191 Tenants Ass'n., 272 Pa. Super. 271, 415 A.2d 698 (1979), citing Baird v. Aluminum Seal Co., 250 F.2d 595 (3rd Circuit 1958).

In any event, in order for there to be an abuse of process, there must have been an arrest or a seizure of property. Ace v. Argonaut Insurance Co., 307 Pa. Super. 200, 452 A.2d 1384 (1982); Sheridan v. Fox, 431 F. Supp. 151 (E.D., PA. 1982). To establish a seizure, a person must incur a direct deprivation of property, rather than the indirect consequences of a legal proceeding such as legal expenses, damage to reputation, or loss of employment. Denenberg v. AM Family Corp. of Columbus GA., 566 F. Supp. 1242 (E.D., PA. 1983): Ace, supra.

In the present case, it is not contended that there was an arrest. As to the contention that there was a seizure, such is without merit as well. Plaintiff's medical records were voluntarily relinquished. Geisinger's medical records custodian freely handed over said records to the subpoena server. Thus, there was no seizure by additional defendants.

Even if we were to determine there was a seizure of the records by additional defendants, we find no unlawful purpose. Additional defendants sought only to serve a validly issued subpoena so that certain information could be produced at trial. That is all they could expect pursuant to the subpoena. There is no showing that they served the subpoena expecting they would obtain the medical records on that date. Thus, additional defendants had no unlawful purpose in mind when serving the subpoena duces tecum.

A subpoena duces tecum is defined as a process by which the court, at the insistence of a party, commands a witness to have in his possession or control some document or paper that is pertinent to the issues of a pending controversy *to produce at a trial.* (Emphasis added.) Blacks Law Dictionary 5th E.D. Geisinger Medical Center employees obviously have dealt with such subpoenas in the past. Therefore, they should have known that the subpoena required them only to produce said records at trial and not to relinquish them to the person serving said subpoena. Thus, any possible error in releasing plaintiff's medical records lies with Geisinger Medicial Center and staff, and not with additional defendants.

## ORDER OF COURT

And now, this January 11, 1985, it is hereby ordered and decreed that additional defendants' preliminary objection in the nature of a demurrer be granted.