Steven A. WHITE and Steve White, one and the same person, Petitioner,

v.

Brent WENSAUER and D. Brent Wensauer, one and the same person; The Honorable Leamon Freeman, Judge of the District Court for the Seventh Judicial District, Respondents.

No. 62835.

Supreme Court of Oklahoma.

April 9, 1985.

William F. Collins, III, Anne Moore, Messrs. McClelland, Collins, Bailey, Bailey & Manchester, Oklahoma City, for petitioner.

Robert R. Robles, Oklahoma City, for respondents.

OPALA, Justice.

The narrow first-impression question presented in this original proceeding is whether, in the absence of express statutory authority, a court sitting in equity may effect a discharge of lis pendens notice based on compelling equitable considerations. We answer in the affirmative.

The underlying litigation was occasioned by a dispute over a contract for the sale of a condominium complex. The seller (petitioner) had notified the buyer (respondent) that his contract was terminated by reason of the buyer's alleged breach. The seller then contracted to sell to third parties seventeen of the thirty-five condominium units. The buyer sued the seller for specific performance and filed notice of lis pendens. The seller answered and counterclaimed for slander of title. The seller then sought a district court order discharging the lis pendens notice because it prevented him from closing any sales of the condominium units and resulted in his being unable to meet the obligation owed to the mortgagee.[1]

The respondent-judge, after ruling he had no authority to cancel lis pendens notice, certified the question *sua sponte* for immediate review by this court. Because the issue so certified could not be considered to be "on the merits" of the controversy,[2] we recast the seller's petition for certiorari into a proceeding for a prerogative writ. We now assume original jurisdiction and issue a writ of mandamus.

The seller contends that the Oklahoma lis pendens statute[3] does not constitute a re-

1. In his application for an order to discharge lis pendens notice the seller stated that the proceeds from the sale of the units would be applied to the bank note. This was no doubt intended to forestall the loss of the remaining units by a mortgage foreclosure suit.

2. 12 O.S. 1981 § 952(b)(3) provides:
"* * * (b) The Supreme Court may reverse, vacate or modify any of the following orders of the district court, or a judge thereof:
* * * * * *
3. Any other order, which *affects a substantial part of the merits of the controversy* when the trial judge certifies that an immediate appeal may materially advance the ultimate termi-

nation of the litigation; provided, however, that the Supreme Court, in its discretion, may refuse to hear the appeal. * * *" [emphasis added] See also Rules 1.50 et seq., Rules on Perfecting a Civil Appeal, 12 O.S. 1981, Ch. 15, App. 2. For a definition of "merits" see *Flick v. Crouch*, Okl., 434 P.2d 256, 261 [1967]; see also, *Young v. Oklahoma City*, Okl., 524 P.2d 22, 23 [1974], and *Community National Bank of Warr Acres v. Beasler*, Okl., 520 P.2d 813, 814 [1974].

3. For the statute that was in force when this contest arose, see footnote 4. 12 O.S. 1981 §§ 180 and 180.1. For the present version, 12 O.S.Supp. 1984 § 2004(P)(1) and (2), see footnote 5.

striction on the power of the district court sitting in equity, nor does it preclude the court from discharging lis pendens notice if its action be warranted by the facts. Because he is in imminent danger of losing the property in a foreclosure proceeding, the seller contends that the equities of the case dictate that notice of lis pendens should be released so that he can sell the property and apply the proceeds to the note. The buyer argues that once notice of lis pendens has been properly invoked it cannot be removed or impaired on equitable considerations. He further asserts that Oklahoma's lis pendens statute operates to limit the power of the equity court when lis pendens is based on a purchaser's lien. We are not persuaded by the buyer's argument.

At the time the application to lift lis pendens notice was filed and presented the pertinent statute in force was 12 O.S. 1981 §§ 180 and 180.1.[4] Since then the 1984 amendment, 12 O.S.Supp. 1984 § 2004(P)(1) and (2), became effective on November 1, 1984.[5] Because in the two enactments implicated here the language pertinent to this inquiry into the availability of nonstatutory judicial authority over lis pendens notice is virtually unchanged, the conclusion we reach today is applicable with equal force to both statutory versions tendered for our consideration—the earlier and the present.

In some jurisdictions a party adversely affected by lis pendens notice is given a statutory right to seek relief by expungement of notice.[6] The power of the court to discharge notice of lis pendens is, in these jurisdictions, regarded as limited by statutory authority.[7] In contrast to those states, our lis pendens statute does not expressly provide a method for discharge, release or cancellation of notice. There is persuasive precedent for the view that, absent explicit language to the contrary, statutory lis pendens doctrine is not to be construed as a limitation upon the equitable powers of a court. The intent of the doctrine is utterly consistent with the exercise of judicial authority to discharge lis pendens based on equitable principles.[8]

---

4. The terms of 12 O.S. 1981 § 180 provided: "When the petition has been filed, the action is pending, so as to charge third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject matter thereof as against the plaintiff's title; but such notice shall be of no avail unless the summons be served or the first publication made within sixty (60) days after the filing of the petition. If real property is involved, notice shall be filed as provided in Section 180.1 of this title."
The terms of 12 O.S. 1981 § 180.1 were:
"No action pending in either state or federal courts shall constitute notice with rcspect to any real property until such time as a notice of the filing of such action, identifying the case and the court in which it is pending, and giving the legal description of the land affected by the action, is filed in the office of the county clerk where said land is situated."

5. Sections 180 and 180.1 were repealed by Okl. Sess.Laws 1984, c. 164, § 32, effective November 1, 1984. The present version, 12 O.S.Supp. 1984 § 2004(P)(1) and (2) provides:
"P. NOTICE OF PENDENCY OF ACTION. Upon the filing of a petition, the action is pending so as to charge third persons with notice of its pendency. While an action is pending, no third person shall acquire an interest in the subject matter of the suit as against the plaintiff's title; except that:

1. Notice of the pendency of an action shall have no effect unless service of process is made upon the defendant within one hundred twenty (120) days after the filing of the petition; and
2. No action pending in either state or federal court shall constitute notice with respect to any real property until a notice of pendency of the action, identifying the case and the court in which it is pending and giving the legal description of the land affected by the action, is filed of record in the office of the county clerk where the land is situated."

6. *Peery v. Superior Court of Santa Clara County,* 29 Cal.3d 837, 176 Cal.Rptr. 533, 536, 633 P.2d 198, 201 [1981].

7. *Ravitch v. Stollman Poultry Farms, Inc.,* 162 Conn. 26, 291 A.2d 213, 217 [1971]. The Connecticut court later held that when there is no statutory provision in lis pendens law which affords the property owner, whose property becomes subject to lis pendens, the opportunity to be heard at a meaningful time and in a meaningful manner, the property owner is deprived of his constitutional right to due process. *Kukanskis v. Griffith,* 180 Conn. 501, 430 A.2d 21, 25 [1980].

8. *Kelly v. Perry,* 111 Ariz. 382, 531 P.2d 139, 140–141 [1975].

Although the doctrine is frequently cast in statutory form, lis pendens is derived from the norms of common-law and equity jurisprudence.[9] At common law, the mere pendency of a suit affecting the title to real property constituted constructive notice to the world of a disputed claim.[10] Lis pendens statutes are designed to provide a better form of notice to those interested in the property in litigation. They seek to do this without conferring any additional substantive rights.[11] Statutes are not to be regarded as creating the doctrine of lis pendens. Rather, they actually *limit* its application by making the notice effective only when the action has been filed in accordance with the statutorily-prescribed provisions [12] and the procedural requirements for the doctrine's invocation have been met.

Lis pendens is to be viewed as a device by which the courts acquire the power or control over property involved in a suit for the period during which the action remains pending and before final judgment is rendered.[13] The doctrine does not impress the affected property with a lien but rather operates to bind third parties with notice that any interest they may acquire in the property pending litigation will be subject to the outcome of the action.[14]

Because the doctrine of lis pendens is derived from the notions of common-law and equity jurisprudence, rather than from statute, it is subject to equitable principles.[15] If the operation of lis pendens should prove harsh or arbitrary in some particular instance, equity can and should refuse to give it effect.[16] In the exercise of its power to remove a cloud on one's title,[17] equity can and should cancel, release or discharge notice of lis pendens which might otherwise be binding. Lis pendens notice would, for example, be of no benefit to the buyer if the property that is the subject of litigation were to be lost through a mortgage foreclosure sale. It would indeed be an absurd result to allow here both the seller and the buyer to lose the property in litigation on the erroneous assumption that the lis pendens doctrine were absolute, inexorable and uncontrollable.

Because Oklahoma's statutory scheme does not expressly provide the legal norms that govern in a proceeding to discharge notice of lis pendens, we hold that the trial court must balance the equities to determine whether, in a particular case, the application of the doctrine is harsh or arbitrary and whether the cancellation of lis pendens would result in prejudice to the nonpetitioning party.[18] It is essential that the court, when called upon to act on a motion to discharge lis pendens, take testimony to ascertain the exact nature and extent of any possible prejudice that could result from the release of no-

9. *Kelly v. Perry, supra* note 8, 531 P.2d at 141; *Rosen v. Rittenhouse Towers,* 334 Pa.Super. 124, 482 A.2d 1113, 1116 [1984].

10. *Kelly v. Perry, supra* note 8, 531 P.2d at 140; *Dice v. Bender,* 383 Pa. 94, 117 A.2d 725, 727 [1955]; *McCahill v. Roberts,* 421 Pa. 233, 219 A.2d 306, 308 [1966].

11. *Kelly v. Perry, supra* note 8, 531 P.2d at 140.

12. *Kelly v. Perry, supra* note 8; see also Pomeroy, Treatise on Equity Jurisprudence § 639, p. 768 [5th ed. 1941]; Freeman, A Treatise on the Law of Judgments § 521, p. 1119 [5th ed. 1925].

13. *United Supply & Mfg. Co. v. Cornelison Engine Maintenance Co.,* Okl., 386 P.2d 776, 779 [1963]; *Hart v. Pharoah,* Okl., 359 P.2d 1074, 1079 [1961]; see also *Dorsch v. Jenkins,* 243 Pa.Super. 300, 365 A.2d 861, 863 [1976]; *McCahill v. Roberts, supra* note 10, 219 A.2d at 308.

14. *McCahill v. Roberts, supra* note 10, 219 A.2d at 309; *Dice v. Bender, supra* note 10, 117 A.2d at 727.

15. *Dice v. Bender, supra* note 10, 117 A.2d at 727; *Kelly v. Perry, supra* note 8, 531 P.2d at 141.

16. *Dice v. Bender, supra* note 10, 117 A.2d at 727; *Rosen v. Rittenhouse Towers, supra* note 9, 482 A.2d at 1116.

17. *Easterling v. Ferris,* Okl., 651 P.2d 677, 680 [1982].

18. *McCahill v. Roberts, supra* note 10, 219 A.2d at 309; *Rosen v. Rittenhouse Towers, supra* note 9, 482 A.2d at 1116.

tice[19] and, whenever appropriate, safeguard the threatened rights by other available means less drastic in character.[20]

Writ granted; the respondent-judge is directed to entertain the seller's application for an order discharging notice of lis pendens and to afford the relief sought only if compelling equitable considerations are found to be present.

DOOLIN, V.C.J., and HODGES, LAVENDER, WILSON, KAUGER and SUMMERS, JJ., concur.

HARGRAVE, J., concurs in result.

SIMMS, C.J., concurs in part and dissents in part.

19. *McCahill v. Roberts, supra* note 10, 219 A.2d at 309.

20. During the pendency of this proceeding judgment was rendered for the seller which denies the buyer's quest for specific performance. The trial court's decree does not render this controversy moot. The buyer has lodged an appeal and has renewed the lis pendens notice. These post-decree developments were properly tendered for our consideration as facts affecting this court's jurisdiction. *City of Tulsa v. Chamblee,* 188 Okl. 94, 106 P.2d 796, 798 [1940]; *Lawrence v. Cleveland County Home Loan Authority,* Okl., 626 P.2d 314, 315 [1981]. See Rule 7, Rules of the Supreme Court, 12 O.S. 1981, Ch. 15, App. 1.