**James V. CANNELONGO, also known as James V. Longo and James V. Longo Enterprises, Inc., a Delaware corporation, Defendant Below, Appellant,**

v.

**FIDELITY AMERICA SMALL BUSINESS INVESTMENT CO., a Pennsylvania corporation, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted: Jan. 5, 1988.

Decided: April 18, 1988.

Rehearing Denied: May 9, 1988.

---

Brian P. Murphy, Middletown, for appellant.

Timothy H. Rafferty, Hockessin, for appellee.

Before CHRISTIE, C.J., and WALSH and HOLLAND, JJ.

WALSH, Justice:

This is an appeal from a decision of the Superior Court granting judgment in favor of a mortgagee for a deficiency arising out of a mortgage foreclosure. The mortgagor-appellant contends that the Superior Court erred in permitting pre-judgment seizure of appellant's real property, not the subject of the mortgage foreclosure, pursuant to a writ of *lis pendens* and in ruling that appellee's deficiency claim was not barred by the applicable statute of limitations. We agree that *lis pendens* was not an authorized writ in this proceeding but affirm the Superior Court's ruling on the statute of limitations.

I

A detailed statement of the convoluted procedural background of this matter is essential to an understanding of the issues presently pending.

On March 29, 1978, appellant, James V. Cannelongo, a/k/a James V. Longo and James V. Longo Enterprises, Inc., a Delaware corporation, (collectively "Cannelongo") executed a mortgage in the amount of $94,260 in favor of Fidelity America Small Business Investment Co., ("Fidelity") a Pennsylvania corporation. The mortgage and accompanying note were executed in Pennsylvania on forms designed for use under Pennsylvania law although the mortgaged property was located in Middletown, Delaware. In 1979, the mortgage came into default and Fidelity commenced a mortgage foreclosure proceeding in the Superior Court. Cannelongo initially filed an answer in that proceeding denying the default and asserting certain affirmative defenses. Eventually, however, the parties entered into a stipulation entering judgment against Cannelongo in the approximate amount of $92,000. The property finally was purchased by Fidelity at a foreclosure sale resulting in a deficiency of $48,650.41.

In 1983, when Fidelity attempted to sell the Middletown property to a third party it was discovered that an adjacent landlocked parcel apparently, and in Fidelity's view inadvertently, had not been included in the mortgage description and still belonged to Cannelongo who then resided in Florida. On the basis of its deficiency claim, Fidelity thereupon launched a series of procedural devices to seize Cannelongo's Middletown property. It first attempted to secure a confession of judgment in accordance with Superior Court Civil Rule 58A. This effort failed when the Superior Court ruled that the mortgage note did not contain a waiver of notice in compliance with 10 *Del.C.* § 2306(b).

On May 10, 1984, Fidelity filed a complaint in the Superior Court against Cannelongo alleging the deficiency debt and seeking the issuance of "a writ of foreign or domestic attachment" on the basis of Cannelongo's non-residence. A writ of foreign attachment was issued by the Superior Court. In response Cannelongo moved to

quash the writ on the basis that the requirement of 10 *Del.C.* § 3506 that "the defendant cannot be found" had not been satisfied. The Superior Court agreed and quashed the writ of foreign attachment. Cannelongo then filed an answer to the debt action which, *inter alia,* admitted ownership of the disputed property but denied the debt.

On September 14, 1984, after the filing of Cannelongo's answer, Fidelity filed a "Motion for Writ of Attachment Lis Pendens" which stated that "after diligent inspection and inquiry" it had determined that Cannelongo's only asset in Delaware was the Middletown property which was then the subject of negotiations for sale. Fidelity alleged that because it feared that Cannelongo's assets "will most likely be completely disipated [sic] or transferred" prior to the entry of judgment in the debt action it requested the issuance of "a writ of attachment which attachment shall constitute a lien on the real estate owned by the defendant." Over the objection of Cannelongo, the Superior Court granted the writ of attachment *lis pendens.* The Court reasoned that since it had authority under 10 *Del.C.* § 562 to issue "all remedial writs," Fidelity was entitled to protection against the risk that a possible sale of the subject property would deny Fidelity the ability to satisfy any judgment ultimately granted. Cannelongo sought an interlocutory appeal of this ruling but the appeal was refused. *James V. Cannelongo, a/k/a James V. Longo and James V. Longo Enterprises, Inc. v. Fidelity America Small Business Investment Co.,* Del.Supr., No. 59, 1985, Horsey, J., (March 18, 1985) (Order).

The next procedural turn occurred when Cannelongo filed a motion to dismiss the debt action on the ground that Fidelity's deficiency claim was barred by the statute of limitations. Cannelongo did not seek authority to amend his answer to add this defense. The Superior Court denied the motion to dismiss on its merits, ruling that Fidelity's deficiency claim was governed by the six year Pennsylvania statute of limitations for debt actions, 42 Pa. *Con.Stat. Ann.* § 5527(2) and not by the six month

period imparted by the Pennsylvania Deficiency Judgment Act. 42 Pa.*Con.Stat. Ann.* § 8103.

Rather than proceed to trial on the debt claim, the parties entered into a Stipulation of Judgment which was approved by the Superior Court on June 22, 1987. This stipulation, while entering judgment in Fidelity's favor in the amount of $35,000 plus post judgment interest, preserved the right of appeal as to the *lis pendens* and statute of limitation rulings. Other provisions of the stipulation and the unusual circumstances of its execution will be the subject of further comment in this opinion.

## II

*Lis pendens* is an obscure subject in Delaware jurisprudence and has received scant decisional analysis. The doctrine of *lis pendens* refers to the power or control which a court acquires over property which is involved in a suit or proceeding during the pendency of the action and until final judgment. 54 C.J.S. *Lis Pendens* § 1, (1987). The essential features of the doctrine are the imparting of constructive notice and the consequent effect of such notice upon persons who acquire an interest in property that is the subject of judicial consideration. *Wilgus v. Salt Pond Inv. Co.,* Del. Ch., 498 A.2d 151, 158 (1985). The doctrine does not establish an actual lien on the affected property but merely serves as notice to third parties that any interest acquired during the pendency of the underlying action may be subordinate to the claim in litigation. *McCahill v. Roberts,* Pa.Supr., 421 Pa. 233, 219 A.2d 306 (1966). The filing of the action is itself sufficient constructive notice of the claimed interest in the subject real property and a separate recording of the notice of litigation is superfluous. *Wilgus v. Salt Pond Inv. Co.,* 498 A.2d at 161.

It is a fundamental requirement of the application of *lis pendens* that the underlying litigation concern a specific property interest which will be affected by the outcome of the suit. While its application is not limited to questions of title, there must

be at issue a claim of equitable estate, interest or right or the enforcement of a lien, charge or encumbrance in the specific property sought to be charged. *General Elec. Credit Corp. v. Winnebago of N.J., Inc.*, N.J.Super., 149 N.J.Super. 81, 373 A.2d 402, 404 (1977).

The application of the doctrine of *lis pendens* is controlled by common law principles unless enlarged by statute. 54 C.J.S. *Lis Pendens* § 6 (1987).[1] Since the doctrine is most often applied in disputes over interests in real property it has evolved as a tool of equity jurisprudence and is wholly subject to equitable principles. *Dorsch v. Jenkins*, Pa.Super., 243 Pa.Super. 300, 365 A.2d 861 (1976).

■ In authorizing the issuance of a writ of *lis pendens* as attachment process in a simple debt action the Superior Court misperceived the fundamental nature of the doctrine. As noted, *lis pendens* is a doctrine or principle of equitable notice, not a separate proceeding activated through a writ. In his treatise on Delaware Practice, Woolley makes no mention of the doctrine in his discussion of attaching writs. The preliminary attachment of a debtor's property for the purpose of ultimately satisfying the claim of a creditor was a remedy unknown at common law and is purely a creature of statute. 2 *Woolley on Delaware Practice*, § 1240 (1906). For this reason, proceedings in relation to pre-suit seizures must be "strictly consistent" with the authorizing statutes. *Id.* This limita-

tion is also reflected in Superior Court Civil Rule 64(a).[2]

■ In ruling that it had authority to issue a writ of *lis pendens* as a "remedial writ" under 10 *Del.C.* § 562 and § 3512 [3] the Superior Court substituted its authority to implement statutorily-conferred jurisdiction for the requisite statutory basis itself. In the area of pre-judgment attachment such authority is limited to the issuance of writs of domestic and foreign attachment as provided in 10 *Del.C.* Ch. 35. These devices have as their underlying purpose the seizure of the defendant's property as a method to compel appearance, either because, under a writ of domestic attachment, the defendant has absconded, 10 *Del. C.* § 3501, or, under a writ of foreign attachment, the defendant is a non-resident. 10 *Del.C.* § 3506. *See 2 Woolley on Delaware Practice*, §§ 1256, 1270 (1906). Since Cannelongo had entered a general appearance and filed an answer prior to Fidelity's request for issuance of the *lis pendens* writ, the need to compel appearance was not a consideration.

■ Fidelity's claim that it might lose the ability to satisfy a judgment if Cannelongo's property was sold does not justify a *lis pendens* attachment. Such an allegation might be asserted in support of a writ of domestic attachment which addresses the need to prevent an absconding defendant from disposing of assets in the face of a creditor's claim. However, once Cannelongo entered a general appearance and subjected himself to the jurisdiction of the

**1.** In Delaware, the only statutory reference to *lis pendens* relates to the authority of the Court of Chancery to enjoin certain "social vices" as nuisances. *See* 10 *Del.C.* § 7104.

**2.** Superior Court Civil Rule 64(a) provides:
(a) **Generally.** At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of compelling appearance or securing satisfaction of a judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the statute.

**3.** 10 *Del.C.* § 562 provides:
The Superior Court may frame and issue all remedial writs, including writs of habeas corpus and certiorari, or other process, necessary

for bringing the actions in that Court to trial and for carrying the judgments of the Court into execution. All writs shall be granted of course and shall be in such form and returnable at such time as may be prescribed by the rules of the Court, or otherwise as the particular case may require.
10 *Del.C.* § 3512 provides in part:
The Superior Court may make all necessary rules respecting the form of the process, the manner of issuance and return thereof, modes of proof, manner of seizure of property, sale of perishable property, appointment and duties of auditors, the release of property from attachment and sale of property so seized, and all other matters relating to attachment proceeding, ...

Superior Court, such concerns were non-existent.

■ The absence of a statutory basis for the grant of the writ is not remedied by the fact that the property seized was allegedly intended to be subject to the original mortgage out of which the deficiency arose. Fidelity claims no interest in the property other than that of a potential judgment creditor seeking to preserve property for post-judgment seizure. Even if it were ultimately successful in securing a judgment, Fidelity does not *ipso facto*, acquire an interest in the real property but merely the right to sell it at an execution sale. In sum, its entitlement is to the proceeds of an execution sale, not to a direct interest in the attached property as required for the application of the doctrine of *lis pendens*. We conclude that the Superior Court lacked authority to issue a writ of attachment under the doctrine of *lis pendens*. Accordingly, its ruling to that effect must be reversed.

### III

Cannelongo also seeks reversal of the Superior Court ruling that Fidelity's deficiency claim was timely under the six year statute of limitations imparted by 42 Pa. *Con.Stat.Ann.* § 5527(2). While we agree with the result reached by the Superior Court we find it unnecessary to review the merits of that ruling since we conclude that Cannelongo's right to assert a statute of limitations defense had been waived.

■ Cannelongo's answer, filed on September 5, 1984, following denial of the writ of foreign attachment was a responsive pleading and should have included the affirmative defense of statute of limita-

tions as required by Superior Court Civil Rule 8(c).[4] The failure to timely assert an affirmative defense constitutes waiver of the right to do so. *See City of Wilmington v. Spencer,* Del.Supr., 391 A.2d 199 (1978); *see also* 2A *Moore's Federal Practice,* ¶ 8.27[3]; *Mayo v. Mayo,* D.C.App., 508 A.2d 114 (1986); *LaBounty v. LaBounty,* R.I.Supr., 497 A.2d 302 (1985). The assertion of the statute of limitations defense by Cannelongo in the form of a motion to dismiss more than six months following the filing of an answer and subsequent to the Superior Court's ruling on the *lis pendens* issue was done without first seeking leave of court to amend his answer. *Cf., Samoluk v. Basco Inc.,* Del. Super., 528 A.2d 1203 (1987). Accordingly, the merits of the statute of limitations defense was not properly before the Court for consideration.[5]

■ To the extent that the Superior Court's ruling on the merits of the statute of limitations defense may be deemed implicit authority for its assertion, we believe that the Court correctly determined the applicable limitations period. Fidelity's claim was, in essence, a debt action and was not filed as a supplemental proceeding to its foreclosure action. The Pennsylvania Deficiency Judgment Act, 42 Pa.*Con.Stat. Ann.* § 8103, is a statute of local application incident to a foreclosure action in the courts of Pennsylvania. Thus, it is clearly not applicable in a Delaware foreclosure action.

### IV

■ Finally, we address an unusual, and disturbing, aspect of the circumstances

---

4. Superior Court Civil Rule 8(c) provides:

(c) **Affirmative Defenses.** In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, license, payment, release, res judicata, statute of frauds, *statute of limitations,* waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim

or a counterclaim as a defense, the Court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation.
(emphasis added)

5. In resisting Cannelongo's statute of limitations defense in the Superior Court, Fidelity argued the waiver issue but the Superior Court declined to consider the point. The issue is nonetheless before us for review by reason of its having been "fairly presented" at the trial level. Supreme Court Rule 8.

under which the parties stipulated judgment in the Superior Court for the purpose of taking this appeal. Counsel for Fidelity contends that when the parties negotiated for the maintenance of the status quo pending appeal, he was under the impression that the Middletown property purportedly had been attached by the writ of *lis pendens* issued by the Superior Court on November 2, 1984. Thus, when the parties entered into the stipulation of judgment, Fidelity insisted upon an escrow by Cannelongo of the deed to the property pending appeal. Counsel for the parties thereupon inserted the following provision in the stipulation of judgment which was approved by the Superior Court:

4. Defendants will tender to counsel for plaintiff the deed to the real estate situate in Middletown, New Castle County, Delaware, bearing Tax Parcel # 29-009.00-173, which deed will be held in escrow subject to the following:

(a) If the defendants do not appeal to the Supreme Court or if plaintiff prevails on both issues appealed, the escrow agent will tender the deed to plaintiff.

(b) If defendants prevail on either or both of the issues appealed to the Supreme Court, the deed will be returned to defendant.[sic]

Based on the statements of counsel at oral argument we are satisfied that there existed between them a fundamental disagreement concerning the status of the title to the Middletown property when the terms of the stipulation were agreed upon. It appears that on March 31, 1984, counsel for Cannelongo accepted a conveyance to himself of the property. Cannelongo's counsel claims that this was a "straw" transaction although the deed recites a consideration of $12,000. Moreover, this deed was not recorded until May 26, 1987, at which time it was accompanied by the payment of a 2% transfer tax, consistent with the stated consideration. Fidelity's counsel claims that he learned of this recording after he had reached an agreement with Cannelongo's counsel concerning the escrow arrangement. Because of the unusual circumstances surrounding the execution of this deed and the apparent lack of knowledge of those events by Fidelity's counsel at the time the terms of the stipulation were negotiated we refuse to approve paragraph 4 of the stipulation as part of the affirmance of the entry of judgment. Moreover, because of our concern with the conduct of Cannelongo's counsel in the drafting of the deed and the ethical implications of its execution and recording we refer the matter to Disciplinary Counsel for investigation.

\*       \*       \*       \*       \*       \*

The decision of the Superior Court granting a writ of *lis pendens* is REVERSED but the entry of judgment in the underlying debt action is AFFIRMED without approval of paragraph 4 of the Stipulation of Judgment.