George W. TOWNSEND, Jr., Oliver Townsend, Alvin Townsend, Leonard Townsend McNatt, Vera Townsend Williams, Myrtle Townsend Bramble, Eloise Townsend, Lewis Marion Townsend, Henrietta Townsend Elwell, Russell Townsend, Jr., Yvonne Miller, Elsie Townsend Walbert, Ruth Townsend Atlee, Howard Townsend, Mary Townsend, Edward Carroll, Jr., Mary Carroll, Esther Carroll Deitz, Helen Burgess, Ethel G. T. Meehan, Robert Townsend, Marion Townsend, Evelyn Berry, Doris Swan, Sandra Byerly Cole, Barbara Townsend Mcalleer, Vernon Townsend, Carol Townsend Dotterweich, Leslie Townsend, Henrietta Kirby, Catherine Porter, Loretta Kirby, Anne Kenney, Katherine Anders, Laura South, Mary M. Van Order, June Eldridge, and Anna Deford Evans, Plaintiffs Below, Appellants,

v.

Carroll W. GRIFFITH, Defendant Below, Appellee.

Supreme Court of Delaware.

Submitted: Jan. 19, 1990.
Decided: Feb. 6, 1990.

William Jess Barrentine, Wilmington, pro se and for appellants.

William Poole and Peter J. Walsh, Jr. of Potter, Anderson & Corroon, Wilmington, for appellee.

Before CHRISTIE, C.J., HORSEY and HOLLAND, JJ.

HOLLAND, Justice:

On January 2, 1989, William Jess Barrentine ("Barrentine") appearing *pro se*, filed a notice of appeal and related documents. Barrentine seeks to appeal a final order of the Superior Court dated December 6, 1989. Barrentine was not a party to the proceedings in the Superior Court, nor did he intervene therein.

The defendant-appellee, Carroll W. Griffith ("Griffith"), has filed a motion to dismiss on the ground that Barrentine lacks standing to appeal the order of the Superior Court. Barrentine has filed an answer to the motion to dismiss. Barrentine does not contend that he was a party to the proceedings in the Superior Court. However, Barrentine does contend that he can represent the interests of the parties, who cannot afford to hire an attorney. Barrentine is not an attorney.

Barrentine's effort to appeal the decision of the Superior Court must fail, as a matter of law, for two fundamental reasons. First, a nonparty has no standing to take a direct appeal or an interlocutory appeal to this Court. *See* Del. Const. art IV, § 11; 10 *Del.C.* § 960; Supr.Ct.R. 7. *Cf. Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541–49, 106 S.Ct. 1326, 1331–35, 89 L.Ed.2d 501 (1986). Second, only a member of the Bar of this Court, a party appearing *pro se*, or an attorney admitted *pro hoc vice*, may participate in an appeal in this Court. Supr.Ct.R. 12; *Delaware State Bar Ass'n v. Alexander*, Del. Supr. 386 A.2d 652 (1978).

The motion to dismiss this appeal must be granted. This appeal is DISMISSED.