Michael J. DiSABATINO, and DiS, Inc., a Delaware corporation, Respondents Below–Appellants,

v.

Mary Anne SALICETE, Petitioner Below–Appellee.

Nos. 511, 1996 and 137, 1997.

Supreme Court of Delaware.

Submitted: May 14, 1997.
Decided: May 27, 1997.

Gary L. Smith, Newark, for appellants.

Daniel F. Kelleher, of Trzuskowski, Kipp, Kelleher & Pearce, Wilmington, for appellee.

Before WALSH, HOLLAND and BERGER, JJ.

HOLLAND, Justice.

Pending before the Court is a motion filed by the appellee, Mary Anne Salicete ("Wife"), seeking to dismiss DiS, Inc., ("DiS") from the appeal filed in case No. 137, 1997 ("*DiSabatino II*"). DiS and Michael J. DiSabatino ("Husband") jointly filed the appeal in *DiSabatino II*. This Court, *sua sponte*, consolidated it with Husband's earlier-filed appeal in case No. 511, 1996 ("*DiSabatino I*").

*DiSabatino II* is an appeal from a decision of the Family Court. The trial judge denied DiS and Husband's joint motion to cancel several notices of *lis pendens* that Wife recorded against parcels of real estate owned by either DiS or Husband. Wife now contends that DiS does not have standing to pursue an appeal because DiS was not a

party to the Family Court proceedings and because DiS never moved to intervene either in the Family Court or in this Court.

This Court has concluded that DiS, as a record property owner, had standing to pursue an action seeking to cancel the notices of *lis pendens* recorded by Wife against its property. The Family Court was the only appropriate forum in which DiS could seek cancellation of the notices of *lis pendens* under 25 *Del.C.* ch. 16, because Wife's claimed interest in DiS' real estate originated from a property division order entered by the Family Court. Therefore, DiS was not required to intervene formally in the underlying litigation between Husband and Wife in order to seek cancellation of the notices of *lis pendens*. Accordingly, Wife's motion to dismiss DiS for lack of standing in *DiSabatino II* is denied.

### Facts

Husband is the sole stockholder of DiS. As part of the proceedings ancillary to Husband and Wife's divorce, the Family Court awarded Wife an equitable interest in DiS by order dated July 1, 1996 ("the July 1 Decision"). The July 1 Decision, among other rulings, is the subject of the appeal in *DiSabatino I*.

On November 7, 1996, Wife recorded several notices of *lis pendens* with the Office of the Recorder of Deeds for New Castle County. Two of the notices claim Wife's interest in two parcels of real estate for which DiS is the record owner. Two additional notices claim Wife's interest in two other parcels of real estate for which Husband is the record owner. Wife's notices of *lis pendens* identified the Family Court's July 1 Decision as the basis for her claimed interest in DiS' real property.

On February 24, 1997, DiS and Husband jointly filed a motion with the Family Court seeking to cancel Wife's notices of *lis pendens*. On March 12, 1997, the Family Court denied the motion on the ground that "a lis pendens lien [is] an appropriate sanction to secure [Wife's] interest in DiS, Inc., a marital asset." Wife never argued to the Family Court that DiS lacked standing to seek cancellation of the notices of *lis pendens*. Wife

did not raise the issue of standing until after DiS and Husband jointly filed their appeal in *DiSabatino II*.

### *Lis Pendens*

#### *Delaware Common Law*

■ The doctrine of *lis pendens*, which in Latin means "a pending lawsuit," historically referred to the notice given to potential buyers of real property that there was litigation pending before a court which asserted a claim that might affect title to the property in question. *Cannelongo v. Fidelity Am. Small Bus. Inv. Co.*, Del.Supr., 540 A.2d 435, 438 (1988). The doctrine did not operate to establish an actual lien on the affected property. It merely served as equitable notice to third parties that, if they purchased the property, they purchased it subject to whatever valid judgment ultimately might be rendered in the litigation. *Id. Compare Handler Constr., Inc. v. CoreStates Bank, N.A.*, Del.Supr., 633 A.2d 356, 364 (1993).

■ In Delaware, the filing of the litigation itself was sufficient constructive notice to third parties of the claimed interest in the property. *Lawyers Title Ins. Corp. v. Wolhar & Gill, P.A.*, Del.Supr., 575 A.2d 1148, 1153 (1990); *Lockwood v. Bates*, 1 Del.Ch. 435, 447 (1833). A separate recording of the notice of the litigation with the Recorder of Deeds was not necessary. *Wilgus v. Salt Pond Inv. Co.*, Del. Ch., 498 A.2d 151, 158 (1985). Nevertheless, *lis pendens* notices were often filed with the Recorder of Deeds in Delaware. *Id. See Handler Constr., Inc. v. CoreStates Bank, N.A.*, 633 A.2d at 366.

■ The fundamental requirements to the application of the *lis pendens* doctrine were that the underlying litigation be filed in good faith and that it be addressed to the title or other interests in a specific and identified parcel of land. *Cannelongo v. Fidelity Am. Small Bus. Inv. Co.*, 540 A.2d at 438–39. Notwithstanding these requirements, however, courts recognized that the common law doctrine of *lis pendens* was subject to abuse. In fact, non-meritorious filings could cause substantial harm by impairing the marketability of the disputed property. *Vilone v.*

*Sea & Pines Consol. Corp.*, Del.Ch., 541 A.2d 135, 138 (1988).

In *Vilone v. Sea & Pines*, the Court of Chancery acknowledged the adverse effects that could be caused by the *lis pendens* doctrine. *Id.* The court in that case concluded, however, that the plaintiffs' complaint stated a sufficient interest in defendants' land to survive the defendants' motion to cancel the effects of the *lis pendens*. *Id.* Nonetheless, the court rejected plaintiffs' argument that the *lis pendens* could only be canceled upon statutory grounds. Instead the court held that it had equitable jurisdiction to fashion a remedy, as an alternative to cancellation, which would protect plaintiffs' interests but relieve defendants from the operation of the *lis pendens* doctrine. *Id.*

### Lis Pendens

#### Delaware Statute

In 1989, following the *Vilone v. Sea & Pines* decision, the Delaware General Assembly enacted 25 *Del.C.* ch. 16. The statute was drafted and sponsored by the Real and Personal Property Section of the Delaware State Bar Association. It was intended to codify in clear terms the protections to be afforded to real property owners against unscrupulous plaintiffs, who might misuse the *lis pendens* doctrine and cause irreparable harm to legitimate titleholders.

The Delaware statute expressly repealed the common law doctrine of *lis pendens*. 25 *Del.C.* § 1614. Nevertheless, many of the equitable principles of the common law *lis pendens* doctrine were codified in Delaware's statutory scheme. In addition, Chapter 16 sets forth numerous requirements regarding the filing, recordation, and service of a notice of *lis pendens,* which were unknown at common law. Chapter 16 also provides for the mandatory, discretionary, or voluntary cancellation of a notice of *lis pendens* under certain circumstances.[1]

Sections 1606 and 1608 address mandatory and discretionary cancellation respectively. Those sections provide that "any party aggrieved" may file a motion with "the court" seeking cancellation on the grounds set forth in those sections. The term "the court" is not defined anywhere in Chapter 16. The context of the entire Delaware *lis pendens* statute reflects, however, that the court having jurisdiction to rule upon the request to cancel a notice of *lis pendens* is the court exercising jurisdiction over the action upon which the notice of *lis pendens* is predicated.[2]

Section 1603(a) provides that "any person claiming an interest in the real property" shall be bound by all proceedings taken in the action after the recording of the notice of pendency. Accordingly, the term "any party aggrieved" in the Delaware *lis pendens* statute is not limited to only those persons or entities who are parties to the action upon which the notice of *lis pendens* is predicated. Consequently, "any party aggrieved" must, of necessity, include any person or entity claiming an interest in the real property affected by the notice of *lis pendens.*[3]

#### This Case

In this case, Wife filed four notices of *lis pendens*. Two were directed at real estate owned by Husband and two directed at real estate owned by DiS. In accordance with the requirement of 25 *Del.C.* § 1601(a)(1), all four notices identified the property division litigation pending in the Family Court between Husband and Wife as the basis for Wife's claimed interest in DiS' and Husband's real estate.

Husband and DiS jointly filed a motion with the Family Court seeking to cancel Wife's notices of pendency. DiS argued, in

1. *See* 25 *Del.C.* § 1606 (mandatory cancellation); § 1607 (cancellation upon the condition of security); § 1608 (discretionary cancellation by the court based on a probable lack of success on the merits by the recording party); § 1609 (voluntary cancellation by the recording party).

2. *Jeffreys v. Exten,* Del. Ch., C.A. No. 1259, Hartnett, V.C., 1988 WL 73746, *5 (July 15, 1988) (ORDER) (citing *Frederick v. Baxter Arms Corp.,*

39 F.Supp. 609, 610 (E.D.N.Y.1941)). *Compare* N.J.Stat.Ann §§ 2A:15–7(b); 2A:15–10 (West 1996).

3. *See* N.J.Stat.Ann. § 2A:15–7(b) (West 1996) (permitting any person "claiming an interest in the real estate affected by the notice of lis pendens" to file with the court wherein the action is pending a motion to determine whether there is sufficient justification to continue the notice).

part, that Wife's notices against its real estate should be canceled because Wife's claimed interest in its property was only as a judgment creditor, which was not a valid basis for a notice of pendency. *See* 25 *Del.C.* §§ 1601(b)(1), 1606(3). Wife responded to the merits of the motion, but never argued to the Family Court that DiS lacked standing to seek cancellation of the notices of *lis pendens*.

On March 12, 1997, the Family Court issued an order denying the motion to cancel the notice of *lis pendens*. The Family Court's order does not reflect that the motion to cancel was filed on behalf of both Husband and DiS. Although the Family Court's order unequivocally denies the motion as to Husband, it does not specifically mention the separate grounds for cancellation argued by DiS.

In her motion to dismiss filed with this Court, Wife contends that DiS lacks standing to pursue this appeal because it was not a party to the Family Court proceedings and did not file a motion to intervene pursuant to Family Court Civil Rule 24. *See Townsend v. Griffith,* Del.Supr., 570 A.2d 1157 (1990). Wife's reliance upon the decision in *Townsend* is misplaced. In that case, the appellant, who was not a lawyer, sought to appeal on behalf of all of the losing parties. This Court held that the appellant lacked standing to appeal because he was neither a party nor an intervenor in the trial court's proceedings. In *Townsend,* there was no statutory basis to support the appellant's right to participation in those proceedings.

■ In this case, the *lis pendens* statute permits any aggrieved person to seek cancellation of the notice of *lis pendens* in the court having jurisdiction over the action upon which the notice is predicated. 25 *Del.C.* §§ 1606, 1608. The statute does not require an aggrieved person to intervene formally in the underlying litigation. The cancellation proceeding is itself a separate proceeding from the underlying lawsuit.

Such a proceeding is analogous to a contempt proceeding in which the trial court may find a nonparty to the underlying lawsuit in contempt for failure to abide by a discovery ruling. The contempt proceeding, although originating from the underlying litigation, is a separate proceeding in which the contemnor is now a party whose rights will be affected. This Court has recognized the contemnor's right to appeal from any finding of contempt, notwithstanding the contemnor's nonparty status in the underlying lawsuit or the lack of a final judgment in the underlying lawsuit. *See In re Rinehardt,* Del.Supr., 575 A.2d 1079, 1081–1082 (1990); *Fenimore v. Fenimore,* Del.Supr., No. 243, 1988, Holland, J., 1988 WL 81391, *2 n. 2 (July 21, 1988) (ORDER).

### Conclusion

■ DiS, as an aggrieved property owner, had standing to pursue an independent action in the Family Court pursuant to Delaware's *lis pendens* statute. Since DiS sought to cancel the notices of *lis pendens* that Wife had recorded against its property by virtue of the Family Court's judgment, the Family Court was the only proper forum in which to seek that relief. DiS had an independent right to seek such redress without the necessity of intervening in the underlying litigation between Husband and Wife. Therefore, Wife's motion to dismiss DiS from the appeal filed in *DiSabatino II* is hereby DENIED.