**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

PATRICIA W. GRIFFIN
MASTER IN CHANCERY

CHANCERY COURTHOUSE
34 The Circle
GEORGETOWN, DELAWARE 19947

Final Report:  March 17, 2020
Draft Report:
Date Submitted:   December 6, 2019

Richard E. Berl, Jr., Esquire
Hudson Jones Jaywork & Fisher, LLC
34382 Carpenter's Way Suite 3
Dartmouth Business Center
Lewes, DE 19958

David J. Weidman, Esquire
Sergovic Carmean Weidman McCartney & Owens, P.A.
25 Chestnut Street
PO Box 751
Georgetown, DE 19947

RE:   *Amber L. Luchi v. Paolo V. Luchi and Francesco P. Luchi*
        C.A. No. 2019-0747-PWG

Dear Counsel:

This case involves a wife and husband, who were experiencing marital issues.  Shortly before the wife filed for divorce, the husband transferred his remainder interest in non-marital real property in Delaware to his mother.  Wife, plaintiff in this action, filed two complaints – one in Maryland and the instant case in Delaware – against the husband and his mother, defendants, seeking to set aside the allegedly fraudulent transfer of the husband's interests in the property to his mother.  Pending before me is defendants' motion to dismiss the Delaware

complaint on *forum non conveniens* grounds, and also under Court of Chancery Rule 12(b)(6), for failure to state a claim upon which relief can be granted. Plaintiff admits that the Maryland and Delaware cases seek the same relief, but claims the Maryland court cannot provide complete justice. Defendants also seek the mandatory cancellation of the lis pendens on the property, which plaintiff opposes, asserting her claim is not for money damages. I recommend the Court deny defendants' motion to dismiss on *forum non conveniens* grounds without prejudice, but stay this action, including consideration of defendants' motion to dismiss under Rule 12(b)(6), pending resolution of the Maryland action. I also recommend the Court deny the motion to cancel the lis pendens. This is a final report.

## I. Background

Plaintiff Amber Luchi ("Amber") and Defendant Francesco Luchi ("Francesco") were married in 2011 and have three minor children.[1] On June 18, 2013, Defendant Paola Luchi ("Paola," or together with Francesco, "Defendants"), Francesco's mother, and her parents executed a deed for property they owned located at 105 Princeton Court, Rehoboth Beach, Delaware ("Property"), reserving a life estate interest for Paola's parents and conveying a remainder interest to

---

[1] Docket Item ("D.I.") 1, ¶ 4. I use first names in pursuit of clarity and intend no familiarity or disrespect.

Francesco.[2] Paola's father died in 2014 and the life estate vested in Paola's mother. On July 26, 2018, Paola's mother and Francesco executed a deed that retained Paola's mother's life estate interest in the Property and transferred the remainder interest from Francesco to Paola for "the sum of Zero and 00/100 Dollars ($0.00).[3] At that time, Amber and Francesco were experiencing marital issues and, on August 13, 2018, Amber initiated divorce proceedings against Francesco in Maryland.[4]

On August 9, 2019, Amber filed a complaint in the Circuit Court for Harford County, Maryland, seeking to set aside the July 26, 2018 transfer of Francesco's interest in the Property to Paola.[5] And, on September 18, 2019, Amber filed a similar complaint in Delaware against Francesco and Paola to set aside the allegedly fraudulent transfer of Francesco's interest in the Property to Paola under the Delaware Uniform Fraudulent Transfer Act ("DUFTA").

On November 1, 2019, Defendants moved for dismissal of the Delaware action both on *forum non conveniens* grounds because of the first-filed fraudulent transfer action in Maryland, and under Rule 12(b)(6) for the failure to state a claim

---

[2] *Id.*, Ex. A.

[3] *Id.*, Ex. B. Paola's mother died on September 16, 2018, terminating the life estate and vesting title to the Property in Paola. *Id., ¶* 10.

[4] *Id.*, ¶ 5.

[5] D.I. 9, Ex. 1.

upon which relief may be granted. In her December 6, 2019 response, Amber admits that the Maryland and Delaware cases seek the same relief, but claims the Maryland court cannot provide complete justice because it cannot trigger a lis pendens against the Delaware property.

Also on November 1, 2019, Defendants filed the instant motion seeking to cancel the lis pendens, arguing that mandatory cancellation is required under 25 *Del. C.* § 1606 because Amber has no interest in the Delaware real property and her claim centers on unspecified monetary damages related to divorce proceedings pending between the spouses in Maryland. Amber opposes cancellation of the lis pendens, asserting that her claim relates to Francesco's interest in the Property and is not for money damages.

## II. Analysis

### A. Should the Delaware action be dismissed on *forum non conveniens* grounds or for the failure to state a claim?

The first issue is whether the Delaware action should be dismissed on *forum non conveniens* grounds under the "first-filed rule" because an identical fraudulent transfer action was filed in Maryland prior to this action.

A *forum non conveniens* motion is addressed to the trial court's sound discretion.[6] There are a "spectrum of standards under which motions for *forum non conveniens* are considered in Delaware," depending upon the circumstances.[7] When the case is first-filed in Delaware, the Delaware court decides to stay or dismiss the Delaware action in favor of a similar action pending in another jurisdiction, based upon whether the defendant demonstrates overwhelming hardship and inconvenience under the "*Cryo-Maid* factors."[8] *Cryo-Maid* factors include "(1) the relative ease of access to proof; (2) the availability of compulsory process for witnesses; (3) the possibility of the view of the premises; (4) whether the controversy is dependent upon the application of Delaware law which Delaware courts more properly should decide than those of another jurisdiction; (5) the pendency or nonpendency of a similar action or actions in another jurisdiction; and (6) all other practical problems that would make the trial of the case easy,

---

[6] *Cf. Martinez v. E.I. DuPont de Nemours & Co.*, 86 A.3d 1102, 1104 (Del. 2014), *as revised* (Mar. 4, 2014); *Warburg, Pincus Ventures, L.P. v. Schrapper*, 774 A.2d 264, 269 (Del. 2001).

[7] *Gramercy Emerging Markets Fund v. Allied Irish Banks, PLC* [hereinafter "*Gramercy*"], 173 A.3d 1033, 1043 (Del. 2017); *see, e.g., Mar-Land Indus. Contractors, Inc. v. Caribbean Petroleum Ref., L.P.*, 777 A.2d 774, 778 (Del. 2001) (citing *Gen. Foods Corp. v. Cryo-Maid, Inc.* [hereinafter "*Cryo-Maid*"], 198 A.2d 681, 684 (Del. Ch. 1964), *overruled in part by Pepsico, Inc. v. Pepsi-Cola Bottling Co. of Asbury Park*, 261 A.2d 520 (Del. 1969).

[8] *Cf. Gramercy*, 173 A.3d at 1044; *Martinez*, 86 A.3d at 1104.

expeditious and inexpensive."[9]    However, where the Delaware action is the second-filed action and the first action remains pending, the policy "favors strong deference to a plaintiff's initial choice of forum," requiring the court to freely exercise its discretion in favor of staying or dismissing the Delaware action based upon a *McWane*-style analysis.[10]  The court applies "*McWane*'s three-factor test: (1) is there a prior action pending elsewhere; (2) in a court capable of doing prompt and complete justice; (3) involving the same parties and the same issues?"[11]  When *McWane* applies, Delaware courts "typically will defer to [the] first-filed action in another forum if that action involves substantially the same parties and issues as the litigation pending in Delaware, and will stay the later-filed Delaware action pending adjudication of the issues in the competing forum."[12]

Here, Amber filed this action in Delaware against Francesco and Paola claiming they fraudulently conveyed the Property, after filing a similar action in

---

[9] *See, e.g., Mar-Land Indus. Contractors, Inc.*, 777 A.2d at 778; *Cryo-Maid*, 198 A.2d at 684.

[10] *Lisa, S.A. v. Mayorga*, 993 A.2d 1042, 1047 (Del. 2010); *see also Gramercy*, 173 A.3d at 1044; *Schnell v. Porta Sys. Corp.*, 1994 WL 148276, at *3 (Del. Ch. Apr. 12, 1994) (there is "a preference for litigating a dispute in the first forum chosen").

[11] *Gramercy*, 173 A.3d at 1037 (citation omitted).  The *McWane* analysis includes consideration of *Cryo-Maid* factors "because both tests are rooted in *forum non conveniens* doctrine." *Id.* at 1038; *Schnell*, 1994 WL 148276, at *3.  The main difference is that the defendant must meet the more demanding burden of overwhelming hardship and inconvenience to obtain a stay or dismissal of a first-filed Delaware action. *Gramercy*, 173 A.3d at 1038; *Schnell*, 1994 WL 148276, at *3.

[12] *Gramercy*, 173 A.3d at 1037 (citation omitted).

Maryland. The Maryland action is first-filed and the *McWane* factors apply. Defendants argue that the *McWane* factors have been met – the first-filed Maryland action involves the same claims, issues and parties as the Delaware action, and there is no evidence that the Maryland court is not capable of providing complete justice since the Maryland divorce court will address the value of Francesco's interest in the Property as a part of the divorce proceedings, and Amber is not claiming any marital or other interest in the Property. Amber agrees the Maryland case seeks the same relief as the later-filed Delaware action, but responds that the Maryland action could not trigger a lis pendens on the Property and, therefore, she could not obtain complete justice from the Maryland court. She does not object to staying the Delaware litigation in favor of the Maryland action if the lis pendens remains in place.

Considering the *McWane* factors for purposes of determining whether this action should be dismissed or stayed in favor of the Maryland action, I find that the actions are substantially identical – they involve substantially the same claims and issues (under each state's respective uniform fraudulent conveyance act – DUFTA in Delaware and the Maryland Uniform Fraudulent Conveyance Act ("MUFCA") in Maryland), and similar parties.[13] Allowing the parties to litigate in the Maryland

---

[13] Although the Maryland fraudulent conveyance action names Paola's mother and her estate as a defendant and the Delaware action does not, I find that the parties are sufficiently similar to meet this *McWane* factor. D.I. 9, Ex. 1.

7

court, the first forum chosen, is supported by the parties' limited connection to Delaware (which appears to be primarily the Property), the likelihood that the witnesses would be in Maryland (the parties reside in Maryland), that the fraudulent transfer claim can be pursued under the MUFCA,[14] and there is no need to view the Property in order to decide the claim. Further, the related divorce action, which serves as the basis for Amber's claims as Francesco's creditor, will be decided in Maryland. Practical considerations support granting a stay in this action to save "considerable human and economic resources, . . . avoid duplication of efforts, and . . . the danger of inconsistent findings and results."[15]

The remaining *McWane* factor pertains to whether the Maryland court is capable of providing prompt and complete justice for Amber's claims.[16] Defendants claim Amber has not demonstrated that the Maryland court is incapable of providing prompt and complete justice.[17] Amber argues the Maryland

---

[14] Similar to the DUFTA, the Maryland court has the authority under the MUFCA to set aside a conveyance of tangible or real property which is fraudulent to a creditor that has a claim, whether "matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent." Md. Code Ann., Com. Law § 15-201(d), §15-207 (West). Under the MUFCA, the conveyance may be set aside even if the creditor has not yet obtained a judgment on the claim. *Id.*, § 15-209(b).

[15] *Schnell*, 1994 WL 148276, at *6.

[16] *See McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co.*, 263 A.2d 281, 283 (Del. 1970).

[17] Defendants rely on *Choice Hotels Int'l, Inc. v. Columbus-Hunt Park DR. BNK Inv'rs, LLC*, which is distinguishable because that case focused on whether the foreign court was capable of expeditious resolution of its case where the similar Delaware action was a

court is incapable of providing complete justice because it cannot trigger a lis

pendens on the Property. At the time she filed the Delaware action, the Property

was listed for sale.[18]  Amber asserts that the sale of the Property would dissipate

the asset and, if the Property is sold to a good value purchaser for reasonably

equivalent value, her ability to void the transfer under DUFTA would be

eliminated.[19]    An analysis of all of the factors, and particularly the last

consideration, weighs in favor of staying the Delaware action pending resolution of

the claims in Maryland rather than dismissing it on *forum non conveniens* grounds

at this time.[20]  I recognize that Defendants chose not to request a stay as an

alternative to dismissal, but am satisfied that a stay of this action in favor of the

Maryland action is appropriate.[21]  Defendants have not shown that this case should

---

summary proceeding. 2009 WL 3335332, at *9 (Del. Ch. Oct. 15, 2009).  The Maryland court's capability to handle the litigation promptly is not at issue here.

[18] D.I. 1, ¶ 18.

[19] A fraudulent transfer made by a debtor, with the actual intent to hinder, delay or defraud the creditor, to a good faith purchaser for reasonably equivalent value is not voidable under the DUFTA. 6 *Del. C.* § 1308(a).

[20] *See Schnell v. Porta Sys. Corp.*, 1994 WL 148276, at *6 (Del. Ch. Apr. 12, 1994) ("In matters such as this, it is preferable to merely stay the later-filed action because it is impossible to predict with certainty the course of earlier-filed litigation in another jurisdiction. Circumstances might arise where the [other jurisdiction] might not be able to give complete relief, for example – if the [other] action were to be dismissed for some reason other than on its merits.").

[21] *See generally In re Bay Hills Emerging Partners I, LP*, 2018 WL 3217650, at *7 (Del. Ch. July 2, 2018), *appeal refused*, 2018 WL 3545305 (Del. Ch. July 23, 2018), and *appeal refused sub nom. BHEP GP I, LLC v. Kentucky Ret. Sys.*, 191 A.3d 292 (Del.

be dismissed rather than stayed. I recommend the Court deny the motion to dismiss Amber's complaint on *forum non conveniens* grounds without prejudice, and stay this action pending resolution of the Maryland action.

Next, Defendants moved to dismiss the complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, asserting Amber has no marital or legal interest in the Property but bases her claim on "mere speculation that [Francesco] may, at some point in the future, owe her money," and that the value of the Property should be considered in determining her alimony/spousal support claims.[22] Defendants' motion to dismiss under Rule 12(b)(6) is stayed in favor of the Maryland action.[23]

---

2018); *Kane v. Peugeot Motors of Am., Inc.*, 1995 WL 945817, at \*4 (Del. Super. Dec. 19, 1995).

[22] D.I. 9, ¶¶ 42-44.

[23] Defendants' claim that the motion to dismiss under Rule 12(b)(6) must be treated as a motion for summary judgment because they present documents and affidavits outside of the pleadings in support of the motion to dismiss. D.I. 9, ¶¶ 22, 23. Generally, when "extraneous matters are considered by the Court in deciding [a Rule 12(b)(6)] motion, 'the motion shall be treated as one for summary judgment' under Rule 56." *Cf. Doe 30's Mother v. Bradley*, 58 A.3d 429, 444 (Del. Super. 2012). I do not need to consider the issue of conversion of the motion to dismiss under Rule 12(b)(6) because a motion to dismiss on *forum non conveniens* grounds is addressed under Rule 12(b)(3). "Courts traditionally dismiss a matter under Rule 12(b)(3) when . . . . applying the doctrine of *forum non conveniens,* [and] Delaware is clearly not the appropriate forum for litigation." *Lefkowitz v. HWF Holdings, LLC*, 2009 WL 3806299, at \*3 (Del. Ch. Nov. 13, 2009). And, under the Rule 12(b)(3) standard, "the court 'is not shackled to the plaintiff's complaint' and 'is permitted to consider extrinsic evidence from the outset'." *Troy Corp. v. Schoon*, 2007 WL 949441, at \*2 (Del. Ch. Mar. 26, 2007)(citation omitted).

### B. Should the lis pendens on the Property be cancelled?

Defendants filed a motion seeking to cancel the lis pendens, arguing that mandatory cancellation is required under 25 *Del. C.* § 1606(3) because Amber has unspecified monetary claims against Francesco but no marital or legal interest in the Property. Amber responds that the filing of the lis pendens in this case is not inconsistent with 25 *Del. C.* § 1606(3), and that the underlying litigation to the lis pendens was filed in good faith, and addresses the improper transfer of property interests by Francesco and not for the recovery of money damages. She further asserts that, if the lis pendens is cancelled, the Property could be sold and the asset dissipated, preventing her from obtaining the relief she seeks under DUFTA – avoidance of the allegedly improper transfer from Francesco to Paola.

The doctrine of *lis pendens* "is an equitable principle that puts potential buyers of real property on constructive notice that a dispute before the court may affect title to the property."[24] The doctrine does not establish an actual lien, but serves "as notice to third parties that, if they purchased the property, they purchased it subject to whatever valid judgment ultimately might be rendered in the litigation."[25] The fundamental requirements for the lis pendens doctrine were that "the underlying litigation be filed in good faith and that it be addressed to the

---

[24] *Hindin v. Eaglebank*, 2015 WL 1312811, at *3 (Del. Ch. Mar. 23, 2015); *see also DiSabatino v. Salicete*, 695 A.2d 1118, 1119 (Del. 1997).

11

title or other interests in a specific and identified parcel of land."[26]  When the common law doctrine of lis pendens was replaced by statute in 1989, it "added various requirements regarding filing, recording, and serving a notice of pendency, but the equitable principles largely remain[ed] the same."[27]  The lis pendens statute "permits any aggrieved person to seek cancellation of the notice of lis pendens in the court having jurisdiction over the action upon which the notice is predicated."[28]  The statute prescribes the circumstances under which a notice of lis pendens must be cancelled, which includes if "[t]he claim relating to the real estate is one which, if sustained, would entitle the party solely to recover money or money damages."[29]

Amber does not claim to have any marital interest in the Property.  She does not need to have a marital interest in property that was fraudulently transferred to seek relief as a creditor under the DUFTA.  Her underlying action is based on the claim that Francesco, her debtor, fraudulently conveyed his remainder interest in the Property to Paola intending to hinder, delay, or defraud her as his creditor, and/or that he transferred the Property without receiving reasonably equivalent value in exchange for the transfer and believed, or reasonably should have

---

[25] *DiSabatino*, 695 A.2d at 1119.

[26] *Id.*

[27] *Hindin*, 2015 WL 1312811, at *3.

[28] *DiSabatino*, 695 A.2d at 1121 (citing 25 *Del. C.* §§ 1606, 1608).

[29] 25 *Del. C.* § 1606(3).

believed, that he would incur debts beyond his ability to pay them as they became due.[30]  The relief she seeks is avoidance of the transfer to satisfy her claim.  The fact that her claim is not specified – and has not been reduced to a judgment – does not preclude pursuing an action under the DUFTA, since a creditor's claim may be for an unmatured, contingent or future right to payment.[31]  And, there is no evidence that Amber is not acting in good faith.  Amber's purpose, if she is ultimately successful on her fraudulent transfer claim, is to void the transfer to Paola, which would transfer Paola's interest in the Delaware Property back to Francesco.  Amber's claim under the DUFTA seeks to affect interests in, and the title to, the Property.  She may seek to void the allegedly fraudulent transfer in order to satisfy her monetary claims as a creditor, but that doesn't mean the underlying DUFTA claim is "solely to recover money or money damages," requiring the cancellation of the lis pendens on the Property.[32]  I am not persuaded

---

[30] *See* 6 *Del. C.* § 1304.  Under the DUFTA, a creditor is defined as " a person who has a claim" against a debtor, and a claim is defined as a "right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." 6 *Del. C.* § 1301(3); § 1301(4).

[31] 6 *Del. C.* § 1307; § 1301(3). *See generally Burkhart, et al., v. Genworth Financial, Inc., et al.,* 2020 WL 507938, at *8 (Del. Ch. Jan. 31, 2020) ("Creditors are not 'required to stand by helplessly until a distant maturity date arrives while [the] debtor is fraudulently depleted of all assets.'")(citation omitted).

[32] *See generally Aug. v. Aug.*, 2009 WL 458778, at *8 (Del. Ch. Feb. 20, 2009); *but see Johnson v. Smith*, 1994 WL 643131, at *2 (Del. Ch. Oct. 31, 1994) (the *Johnson* Court's holding is distinguishable from this case because it cancelled the lis pendens on property

by Defendants' interpretation of 25 *Del. C.* § 1606(3), which would mean that a creditor, who is seeking to void a fraudulent transfer of real property under DUFTA to satisfy a monetary claim, would be precluded from a lis pendens related to the DUFTA claim. I recommend the Court deny Defendants' motion to cancel the lis pendens without prejudice.

## III. Conclusion

Based on the reasons set forth above, I recommend the Court deny Defendants' motion to dismiss based on *forum non conveniens* grounds without prejudice, but stay this action, including Defendants' motion to dismiss under Rule 12(b)(6), in favor of the similar Maryland action. I also recommend the Court deny Defendants' motion to cancel the lis pendens without prejudice. The parties shall provide a report to the Court on the status of the Maryland action six months after this report becomes final. This is a Master's final report and exceptions may be taken under Court of Chancery Rule 144.

Sincerely,

/s/ Patricia W. Griffin

Patricia W. Griffin
Master in Chancery

PWG/kekz

---

owned by both spouses as tenants by the entireties when the creditor filing the lis pendens only had a claim against one spouse).