IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT WEYMOUTH for REHOBOTH BAY HOMEOWNERS' ASSOCIATION, | § § § § | No. 142, 2020 |
| Appellant, | § § | |
| v. | § § § | Court Below–Superior Court of the State of Delaware |
| HOMETOWN REHOBOTH BAY, LLC, | § § § | C.A. No. S18A-03-003 |
| Appellee. | § § § § | |

Submitted: May 14, 2020
Decided: May 22, 2020

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

#### **ORDER**

Upon consideration of the notice to show cause and the responses, it appears to the Court that:

(1)     The appellant, Robert Weymouth, seeks to appeal a decision of the Superior Court that affirmed an arbitrator's approval of a rent increase under 25 *Del. C.* §§ 7040-46, commonly known as the Rent Justification Act ("the Act").[1]

(2)     The appellee, Hometown Rehoboth Bay, LLC ("Hometown") is the

---

[1] In December 2019, the Act was re-codified. 25 *Del. C.* §§ 7050-56.

owner of a manufactured housing community that sought to raise its rent in accordance with the Act's procedures. The homeowners, through the Rehoboth Bay Homeowners' Association ("the HOA"), petitioned the Delaware Manufactured Home Relocation Authority ("the Authority") to appoint an arbitrator under 25 *Del. C.* § 7043(c). Following a hearing on the matter, the arbitrator approved a rent increase, albeit an increase less than the increase Hometown desired. As permitted by 25 *Del. C.* § 7044, the HOA appealed to the Superior Court. The HOA's appeal from the Superior Court's decision is now pending in this Court.[2] Weymouth filed this separate appeal of the Superior Court's decision.

(3) The Senior Court Clerk issued a notice to Weymouth to show cause why his appeal should not be dismissed due to his lack of standing to file an appeal from a decision to which he was not a named party. Weymouth responded to the notice to show cause and alleges he is a named party in this case under 25 *Del. C.* § 7043(c). Weymouth is incorrect. Under 25 *Del. C.* § 7043(c), Weymouth had the right, separate and distinct from the HOA's right, to petition the Authority for the appointment of an arbitrator. But he did not.[3] Instead, Weymouth has relied on the HOA to represent his interests in this matter.

---

[2] *Rehoboth Bay Homeowners' Association v. Hometown Rehoboth Bay, LLC*, No. 139, 2020.
[3] Weymouth is a named party in another appeal from an arbitrator's decision to the Superior Court, *Iacona v. Hometown Rehoboth Bay, LLC*, Del. Super., C.A. No. S17A-04-001 RFS.

(4)     It is a basic tenet of Delaware law that "a nonparty has no standing to take a direct appeal … to this Court."[4]  Moreover, the fact that a person or entity has an interest in the outcome of litigation "will not suffice to confer standing upon a nonparty."[5]  Accordingly, Weymouth's appeal must be dismissed.

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[4] *Townsend v. Griffith*, 570 A.2d 1157, 1158 (Del 1990).
[5] *Bryan v. Doar*, 918 A.2d 1086, 1086 (De. 2006) (internal quotation marks and citation omitted).