IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ESTATE OF KISHA A. REILLY, | § | |
| | § | No. 63, 2022 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. N20C-08-163 |
| DAVE TURKO, | § | |
| | § | |
| Defendant Below, | § | |
| Appellee. | § | |

Submitted: April 12, 2022
Decided: April 21, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## ORDER

(1)     In August 2020, Shaun S. Reilly ("Reilly"), who was not represented by counsel, filed an action in the Superior Court against the appellee, Dave Turko; the Delaware Department of Probation and Parole; and the Delaware Department of Correction.  The complaint asserted claims arising from the drug-overdose death of Reilly's spouse, Kisha A. Reilly, in August 2018.  The complaint identified the plaintiffs as Reilly, Reilly as the Administrator of the Estate of Kisha A. Reilly, and Mason C. Reilly (together, the "Original Plaintiffs").  The complaint did not further identify Mason Reilly.  The defendants moved to dismiss.  Turko's motion was based on Reilly's failure to serve Turko with the summons and complaint within 120

days; Reilly's ineligibility to serve as Kisha Reilly's estate due to his conviction of an "infamous crime"; and the expiration of the statute of limitations.

(2)    In August 2021, counsel entered an appearance for the Original Plaintiffs.  On September 1, 2021, the Original Plaintiffs' counsel filed a response to the motions to dismiss and a motion for leave to file an amended complaint.  On September 2, 2021, the parties stipulated to the dismissal of the Department of Probation and Parole and the Department of Correction without prejudice.

(3)    On November 16, 2021, the Superior Court entered an order denying the motion to dismiss in part and finding it moot in part.  The court found good cause for Reilly's failure to serve Turko within 120 days of the filing of the complaint and determined that the complaint was not barred by the statute of limitations.  The court granted the plaintiffs' motion to amend, indicating that the amended complaint should clarify the identity of Mason Reilly and Reilly's status as administrator of the estate.  The court stated that, after the filing of the amended complaint, Turko could renew his motion to dismiss if either (i) an estate had been opened with the Register of Wills for Kisha Reilly and Reilly was not granted letters of administration, or (ii) no estate was opened before the expiration of the statute of limitations.

(4)    Counsel filed an amended complaint on December 27, 2021.  The amended complaint identified the "Plaintiffs" as the "Estate of Kisha A. Reilly, by his [sic] next of kin Mason C. Reilly."  It identified Mason Reilly as Kisha Reilly's

2

son.  Turko moved to dismiss.  He argued that, under 10 *Del. C.* § 3701, any cause of action that Kisha Reilly had at the time of her death survived to the executor or administrator of her estate.  Because no estate for Kisha Reilly had ever been opened—and certainly not within the statute of limitations—Mason Reilly lacked standing to bring suit on behalf of an estate that had not been opened and for which he was not the administrator or executor.  Turko also contended that the amended complaint did not sufficiently plead facts or causes of action that would entitle the estate to relief.  The estate responded by stating that Mason Reilly had been issued letters of administration on January 14, 2022, and that the allegations of the complaint were sufficient to put Turko on notice of the claims against him.

(5)  The Superior Court granted the motion to dismiss.  It held that the estate was not a party to the original complaint because it did not exist when that complaint was filed, and Reilly had no authority to act on its behalf.  The court held that Mason Reilly had no authority to bring an action on behalf of the estate as "next of kin," and that no estate existed when the amended complaint was filed.  The court determined that, as of February 1, 2022, "some 18 months after the expiration of the statute of limitations, the administrator of [Kisha Reilly's] estate has not joined the litigation and the case still lacks a viable plaintiff."[1]  The court dismissed the amended complaint with prejudice.

---

[1] *Estate of Reilly by Reilly v. Turko*, 2022 WL 301701, at *3 (Del. Super. Ct. Feb. 1, 2022).

(6) Reilly then filed a notice of appeal in this Court. The Senior Court Clerk issued a notice directing Reilly to show cause why the appeal should not be dismissed because Reilly lacks standing or other authority to take the appeal. In response, Reilly asserts that the estate was granting a limited power of attorney to Reilly to handle all matters related to the appeal.[2] He also asserts that he filed the original complaint, retained the counsel who later entered an appearance, and never approved nor was aware of the removal of his name as a plaintiff in the amended complaint. The Court directed the appellee to respond to Reilly's arguments. The appellee contends that the appeal should be dismissed because Reilly lacks standing to bring the appeal on his own behalf because he is not a party, and he lacks authority to bring an appeal on the estate's behalf because he is not licensed to practice law.

(7) After consideration of the responses to the notice to show cause and the record in this matter, we conclude that the appeal must be dismissed. Reilly was not a party to the amended complaint. The amended complaint "superseded the earlier complaint[] and rendered [it] of no legal effect."[3] As a nonparty, Reilly lacks standing to bring this appeal.[4]

---

[2] On March 31, 2022, the Court received a letter from Mason Reilly that enclosed a limited power of attorney purporting to authorize Reilly "to represent the estate of Kisha A. Reilly on a pro se basis in an appeal to the Delaware Supreme Court, No. 63, 2022. This power is directed towards any & all actions taken to benefit the Estate of Kisha A. Reilly." *Estate of Kisha A. Reilly v. Turko*, No. 63, 2022, Docket Entry No. 16 (Del. filed Mar. 31, 2022).

[3] *McCaffrey v. City of Wilmington*, 133 A.3d 536, 544 (Del. 2016).

[4] *See Townsend v. Griffith*, 570 A.2d 1157, 1158 (Del. 1990) ("[A] nonparty has no standing to take a direct appeal or an interlocutory appeal to this Court."). *See also Townsend v. Integrated*

4

(8) Reilly also lacks authority to bring this appeal on the estate's behalf. "[O]nly a member of the Bar of this Court, a party appearing *pro se*, or an attorney admitted *pro hac vice* may participate in an appeal in this Court."[5] Reilly is neither a party appearing *pro se* nor an attorney. Dismissal is appropriate "where a party is incapable of representing themselves and an appeal has been filed in a Delaware court on behalf of that party by a non-party who is not an attorney permitted to practice law in the State of Delaware."[6] A party cannot use a power of attorney to authorize a nonparty who is not a lawyer to bring an appeal on the party's behalf.[7]

NOW, THEREFORE, IT IS ORDERED that this appeal is hereby DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

*Mfg. & Assembly*, 2013 WL 5537379, at *2 (Del. Oct. 7, 2013) ("Under well-settled Delaware law, a non-party to a lawsuit has no standing to file an appeal in a Delaware court.").

[5] *Griffith*, 570 A.2d at 1158. *See also Integrated Mfg.*, 2013 WL 5537379, at *2 ("Only a member of the Delaware Bar, a party appearing *pro se* or an attorney appearing *pro hac vice* may participate in [an appeal in a Delaware court].").

[6] *Integrated Mfg.*, 2013 WL 5537379, at *2.

[7] *See id.* (affirming dismissal of an appeal brought by party's husband and daughter, who were acting on the party's behalf pursuant to a power of attorney).

5